School District of Eau Claire v. Blystone, 168 Wis. 471.

SCHOOL DISTRICT OF EAU CLAIRE, Respondent, vs. BLYSTONE, Trustee, and another, Appellants.

*January 7—February 4, 1919.*

*Building contract: Default of contractor: Completion under new contract: Liability of surety for increased cost: Architects' certificate as to amount: Condition precedent: Waiver: Parties.*

1. The contractor for the heating plant in a building, after partly installing the plant, became bankrupt and the trustee in bankruptcy did not elect to perform the contract. The surety on the contractor's bond, upon being notified of the default, declined to complete the contract but suggested that a new con-

tract for completing the work be awarded to a certain furnace company. This was done without objection on the part of the original contractor, and the contract was completed by said furnace company at a fair price. The original contract provided that in case of such a default the expense incurred by the owner for finishing the work and any damage incurred through such default should be audited by the architects, whose certificate thereof should be conclusive. In view of the fact that such provision was mainly for the protection of the owner, it is *held*, in an action by the owner against the surety, that by its suggestion as to the completion of the work, upon which the owner acted, the surety waived the issuance of the architects' certificate as a condition precedent to recovery of the expense and damage.

2. Although the bond of the surety provided that in any action thereon the contractor should be made a party, it was a sufficient compliance therewith to make the contractor's trustee in bankruptcy a party, no objection to such procedure having been made either by answer or demurrer.

APPEAL from a judgment of the circuit court for Eau Claire county: E. C. HIGBEE, Judge. *Affirmed*.

Action on bond. The Eau Claire Cornice & Heating Company, hereinafter called the Company, was under contract with the plaintiff to furnish materials to complete a heating, ventilating, and humidity system for a certain building then in process of construction. The Company became bankrupt, the trustee did not elect to perform the contract, and the Company was in complete default. The *Maryland Casualty Company* was surety on the Company's bond, and after the Company's default the plaintiff notified the *Casualty Company* of the default and the *Casualty Company* declined to complete the contract. In the letter exercising its option not to complete the contract the *Casualty Company* said:

"We suggest that you award separate contract to the American Foundry and Furnace Company to complete referred to contract, as in our opinion they are prepared and willing so to do at correct figures."

Pursuant to this suggestion and after having obtained some informal bids, the plaintiff entered into a contract with the American Foundry and Furnace Company for the completion of the original contract for the sum of $2,825. This action was brought to recover this amount less the amount remaining due to the Company on the original contract. Plaintiff had judgment for $1,147 with costs, from which judgment the defendants appeal. Other facts are stated in the opinion.

The cause was submitted for the appellant *Maryland Casualty Company* on the brief of *Sturdevant & Farr* of Eau Claire, and for the respondent on that of *J. C. Gilbertson* of Eau Claire.

ROSENBERRY, J. The *Casualty Company* in its answer alleged that the price paid for completing the contract was greatly in excess of a fair price, but the trial court upon ample evidence found the contrary. This was the only defense set up in the answer. But upon the trial it appeared that article 5 of the contract between the plaintiff and the Company contained a provision in the usual form that if the contractor should at any time refuse or neglect to supply a sufficiency of properly skilled workmen, or materials of a proper quality, the owner might, after three days' written notice, provide such labor and materials and deduct the cost thereof from any moneys then due or thereafter to become due to the contractor under this contract. And it was further provided that, upon the architects' certifying that such refusal or neglect was sufficient ground for such action, the owner was also at liberty to terminate the employment of the contractor and complete the work. The last clause of the article was as follows:

"The expense incurred by the owner as herein provided, either for furnishing materials or for finishing the work, and any damage incurred through such default, shall be

audited and certified by the architects, whose certificate thereof shall be conclusive upon the parties."

Upon the trial plaintiff failed to prove that it had procured the certificate required by article 5 of the contract, and the defendants claim that the procurement of said certificate was a condition precedent to the right of the plaintiff to maintain this action. The trial court held that the defendants had waived the provisions of the contract requiring that the architects certify the expense of completing the heating system; this is the main contention of the appellants here.

Waiving the question as to whether or not the bankruptcy of the Company and the election of the trustee not to perform the contract was such a breach as to wholly terminate it (9 Corp. Jur. 814 and cases cited), we think the trial court was clearly right in holding that under the facts and circumstances of the case the production of the architects' certificate in accordance with article 5 of the contract was waived.

After the default of the Company and its abandonment of the work there remained nothing to do but to fix the damages, so far as the *Casualty Company* was concerned, it having elected not to complete the work itself. The plaintiff was under no obligation to complete the contract. In this situation the *Casualty Company* suggested that the completion of the work be let by contract to the American Foundry and Furnace Company, which was prepared to do the work at a reasonable figure. Acting upon this suggestion the plaintiff entered into a contract for the completion of the work. The claim of the defendants that the contract price was excessive has been negatived by the trial court, and it is therefore established as a fact in the case that the contract price was fair and reasonable. Under such circumstances, what was there left for the architects to certify to?

It further appears that the work of completing the contract was done mainly by the proprietors of the Company without any objection or protest on their part. In determining whether or not there was a waiver, the fact that a provision of this kind was inserted mainly for the protection of the owner must be considered. 9 Corp. Jur. 760, § 99 and cases cited. Of course the contract in this respect binds both parties, but a waiver on the part of the contractor and his representatives may be inferred from less significant circumstances than waiver on the part of the owner for whose benefit mainly the clause is inserted.

The owner is held to waive such a provision in his favor where both parties ignore a provision for architects' certificates. *Ashland L., S. & C. Co. v. Shores,* 105 Wis. 122, 81 N. W. 136. Here, at the suggestion of the *Casualty Company,* without any objection on the part of the Company, the plaintiff entered into an arrangement which made the issuance of an architect's certificate nothing but a useless formality, and the trial court rightly held that the issuance of the architects' certificate was waived.

It is further argued that the Company was not sued in this action and that the bond upon which the action was brought provides that the principal of the bond shall be made a party to any suit or action. The Company was a bankrupt. By leave of court first obtained the trustee was made a party defendant. No objection to this procedure was made, either by answer or demurrer. The claim of the plaintiff was provable against the trustee in bankruptcy, and upon payment of the claim the *Casualty Company* will be subrogated to plaintiff's rights in that respect. As against the trustee, the amount of the claim is adjudicated in this action. We think this is a sufficient compliance with the bond.

*By the Court.*—Judgment affirmed.