**UNITED STATES, for Use of W. E. FOLEY & BRO., Inc., v. UNITED STATES FIDELITY & GUARANTY CO. et al. (WALLACE & TIERNAN CO., Inc., Intervener).**

No. 74.

District Court, E. D. New York.
July 25, 1939.

Joseph V. Iaricci, of Forest Hills, N. Y., for plaintiff.

Louis Susman, of New York City, for defendants and third party plaintiff.

Arthur A. Wilson, Jr., of New York City, for intervener.

Phillips, Mahoney & Fielding, of New York City, for third party defendant.

GALSTON, District Judge.

In this action a jury was waived at the opening of the trial.

It appears that on October 14, 1937, the plaintiff, W. E. Foley & Bro., Inc. entered into a contract with Bernard Fiumara, trading as Delmar Construction Company, to furnish for the agreed sum of $36,000 certain materials and perform certain plumbing and mechanical work in connection with the construction and erection of additions to the Sewage Disposal Plant of the Veterans Administration Facility, Northport, Long Island, N. Y., in accordance with the drawings and specifications of the Veterans Administration Bureau.

On October 19, 1937 the plaintiff as principal, and the American Surety Company of New York as surety, executed a bond in favor of Fiumara in the sum of $36,000, which bond recited the condition that if the plaintiff should faithfully perform its contract free and clear of liens arising out of claims for labor and materials entering into the performance of the contract and the construction of the work called thereby, and indemnify and save harmless the defendant Fiumara, the obligation then to be void; otherwise to remain in full force and effect.

It is alleged that plaintiff completed the work in accordance with the contract; that the Veterans Administration Bureau accepted and approved the work and that the plaintiffs received in payment $21,-000.86, leaving a balance due of $14,999.14. Joined as a defendant is the United States Fidelity & Guaranty Company, from which company the plaintiff seeks payment under the payment bond furnished by that company in connection with the contract of September 23, 1937, awarded Fiumara for the construction and finishing at Veterans Administration Facility, Northport, Additions to Sewage Disposal Plant.

The answer of the defendants denied the allegation of performance by the plaintiff and by way of counterclaim for interpleader alleged that the plaintiff failed to complete its contract; that on April 18, 1938, it ceased all work under the contract and withdrew from performance; that during the course of the work the defendant Fiumara repeatedly notified the plaintiff that certain items were within the terms and provisions of the contract and that unless the plaintiff performed the same Fiumara would be required to do so and would charge the cost and expense to the plaintiff; that by reason of the neglect and refusal of the plaintiff to complete this contract, defendant Fiumara was required to do so and did, at a cost to him of $14,963.55; this counterclaim for interpleader further alleges that Foley breached the contract by failing to pay certain accounts for which it was indebted to four corporations from which it obtained materials in the sum of $14,670.39. It is alleged that by the terms of materialmen's bond executed by Fiumara to the United States as required by law, he "may be obliged and legally bound to pay said claims". These claims it is alleged the plaintiff has refused to pay.

It is thereupon set forth that by virtue of the bond furnished by Foley and the American Surety Company, Fiumara has made demand upon the American Surety Company to pay these damages and losses and that the American Surety Company has refused to do so. Pursuant to the court's order a third party complaint was filed herein by Bernard Fiumara against the American Surety Company, alleging damage in the sum of $14,670.39 and seeking judgment therefor.

The American Surety Company, the third party defendant, in its answer, though admitting the furnishing of the bond, denies the material allegations of breach and liability.

An intervener's complaint by Wallace & Tiernan Company, Inc., alleges that on November 15, 1937, it entered into an agreement with the plaintiff pursuant to which it delivered to the plaintiff certain materials and equipment in connection with the contract with the Government at the

agreed price of $2,850.90; that the materials and equipment were approved and used in connection with the construction of the sewage disposal plant at Northport; that the amount due has not been paid and it seeks judgment against the plaintiff and the two defendants. To the intervener's complaint, it is admitted that the materials and equipment were sold and delivered to the plaintiff, but the defendants allege that the intervener neglected to comply with the statutory provisions of 49 Stat. 793 (Title 40, U.S.C., § 270b, 40 U.S. C.A. § 270b) by failing to give notice as therein required so as to render the defendants liable.

The contract between the plaintiffs and the Delmar Construction Company provided that the plaintiff "furnish and supply all materials, fixtures, machinery, accessories, etc., perform all the plumbing and mechanical work necessary and requisite for the construction and erection of Additions to Sewage Disposal Plant of Veterans Administration Facility, Northport, Long Island, N. Y., in accordance with and as shown on the drawings in the specifications prepared by Veterans Administration Bureau, Washington, D. C. architect, which drawings and specifications are identified by the signatures of the parties hereto and become a part of this contract."

It is significant, by way of further definition as to the obligation of the subcontractor, that the agreement provided in Article 6 thereof that "the sub-contractor shall complete the several portions of the work comprehended in this agreement by and at the time or times hereinafter stated, to wit, in conformity with the contract with the United States Veterans Bureau Administration, dated September 23, 1937, number VAc—831, which is hereby incorporated by reference. Said sub-contractor shall likewise furnish the materials and perform the work comprehended in this agreement in strict accordance with the specifications dated July 28, 1937, pages U1 to U9 inclusive, pages 1ME—1 to 1ME—3, inclusive, Addendum No. 1, dated August 12, 1937 * * * and drawings of the Veterans Administration No. 6–A to 6–H, inclusive, dated July 28, 1937."

Plaintiff claims that it performed all of the work that it was obliged to do under the contract, but does not deny that Fiumara requested the plaintiff to perform other work which he contended the plaintiff was obligated to perform and that the plaintiff refused to do so on the ground that such work was not comprehended within the scope of the contract.

The proof shows that the plaintiff failed to perform and that the defendant was compelled to complete the construction by supplying labor and material to cover such parts of items defined or included in pages U1 to U9 of the specifications which were not performed by the plaintiff, as, for example, the under drain system of the sprinkling filter, concrete bases for concrete pipe supports, new stone and work in connection therewith, removal of old stone, the wood distribution troughs and concrete headlocks, under subdivision 10 of page U1, catch basins, out fall blocks, pull boxes, control boxes, headwalls, etc., described under Article 15, Miscellaneous Structures, on page U8; grading at the seepage pools, Article 16, page U8; shoring walls of old sludge bed, etc.; painting as provided on page U9. The fair and reasonable value of the labor and material thus furnished was stipulated to be of the fair and reasonable value of $14,-963.55.

It seems clear that this work should have been done by the plaintiff. The reference in the contract to pages U1 to U9, inclusive, make no exceptions, and the contract must be interpreted in its entirety. The testimony of plaintiff's expert witnesses which assumes to interpret and characterize the items appearing on those pages cannot change the construction of the contract or the obligations of the parties thereto.

Plaintiff was entitled to no more than he received. Clearly it breached the contract in not going on with the work. It is therefore entitled to no recovery.

On the other hand, the defendant has shown no damage. The cost to him of completion, plus what he had paid the plaintiff, was less than $36,000, the sum stipulated in the contract. Moreover the defendant's counterclaim must be dismissed because the defendant undertook the work of completion without procuring the certificate of the architect named in the contract, i. e., of Veterans Administration Bureau, as provided in Article 5 of the agreement. The relevant clause provides: "Art. 5. Should the sub-contractor at any time refuse or neglect * * * or fail in any respect to prosecute the work * * * or fail in the performance of

446

any of the agreements herein contained, such refusal, neglect or failure being certified by the architect, the contractor shall be at liberty, after three days written notice to the sub-contractor, to provide any such labor or materials, and to deduct the cost thereof from any money then due or thereafter to become due to the sub-contractor * * * and if the architect shall certify that such refusal * * * is sufficient ground for such action, the contractor shall also be at liberty to terminate the employment of the sub-contractor for the said work and to enter upon the premises * * * for the purpose of completing the work * * * The expense incurred by the contractor, as herein provided, either for furnishing materials or for furnishing the work, and any damage through such default, shall be audited and certified by the architect."

All the conditions of the agreement must be rigidly interpreted. The record discloses mutual breaches of the agreement. Plaintiff's refusal to do all of the work comprehended by the agreement preceded the defendant's breach. Since the plaintiff received full payment for the labor performed and materials furnished it is in no position to demand more; and likewise the defendant is barred from prosecuting alleged items of damage for failure to meet the condition precedent.

In the circumstances the American Surety Company, the third party defendant, is relieved of any claim for damages alleged to have been sustained by the defendant. The contingent liabilities which the defendant alleges in counterclaim and third party complaint have not been proved.

Nor does it appear that any of the materialmen who might have secured payment under the bond furnished the Government by the United States Fidelity & Guaranty Company complied with the requirements in respect to the giving of notice as is set forth in the Miller Act, 40 U.S.C. § 270b, 40 U.S.C.A. § 270b.

Indeed the whole record discloses an amazing casualness, including an affidavit of the plaintiff's officer in respect to payments made which were not supported by the facts.

The only affirmative relief which can be granted in this proceeding is the direction of a verdict in favor of the intervener, Wallace & Tiernan Company, Inc., in the amount of $2,850.90, with interest thereon from May 15, 1938, against the plaintiff, W. E. Foley & Bro., Inc.

The complaint, the counterclaim and the third party complaint will be dismissed.