**UNITED STATES for Use of W. E. FOLEY & BRO., Inc., v. UNITED STATES FIDELITY & GUARANTY CO. et al.**

No. 386.

Circuit Court of Appeals, Second Circuit.

Aug. 9, 1940.

Louis Susman, of New York City (John C. Spallone, of New York City, on the brief), for appellant.

Phillips, Mahoney & Fielding, of New York City (John A. Bell, Jr., of New York City, of counsel), for American Surety Company, appellee.

Before SWAN, AUGUSTUS N. HAND, and PATTERSON, Circuit Judges.

SWAN, Circuit Judge.

This case was tried under a stipulation waiving a jury and also waiving the making of findings of fact and conclusions of law by the court. The district judge, however, wrote an opinion, reported in D.C., 28 F.Supp. 443, in which the facts are sufficiently set forth. They need not be repeated here.

The subcontractor (for brevity referred to as Foley) was charged by Fiumara with two types of breach of contract: (1) Refusing to do certain items of the work required by the terms of the contract; and (2) failure to pay certain materialmen from whom Foley obtained supplies and materials used on the project. As to the first, it will suffice to say that the trial judge ruled that Fiumara had shown no damage entitling him to any affirmative recovery because he had retained enough of the contract price to offset the reason-able cost of the items of work on which Foley defaulted. The appellant does not dispute the correctness of this ruling. The argument on appeal has been limited to the single issue of error in denying Fiumara affirmative recovery against Foley and his surety on account of a bill of some $9,000 owed by Foley to Warren Foundry & Pipe Corporation, which had supplied materials for work done by Foley.

Although there is no express provision in the contract between Foley and Fiumara that Foley will pay for the material used by him in the work, such a promise is undoubtedly to be implied from his agreement to "furnish and supply all materials, fixtures, machinery, accessories, etc. to perform all the plumbing and mechanical work necessary * * *." Hence his failure to pay the Warren Corporation for material incorporated into the work constituted a breach of his contract with the general contractor. Seaboard Surety Co. v. Standard Accident Ins. Co., 277 N.Y. 429, 433, 14 N.E.2d 778, 117 A.L.R. 658. But proof of breach of contract without proof of resulting damage would not entitle Fiumara to a judgment. Up to the time of trial he had paid nothing to Warren Corporation on account of its bill for materials. He had, however, incurred liability therefor by reason of a guaranty he had given Warren Corporation, and, as we shall hereafter show, Fiumara was also liable to Warren Corporation upon his Miller Act bond. From the affidavits filed in support of Fiumara's motion to amend the judgment, it appears that subsequent to the trial but before entry of the judgment Fiumara was compelled in an action which Warren Corporation brought upon his guaranty to pay the sum of $8,500. The guaranty was given after the subcontract and the subcontractor's bond had been executed and without first obtaining the consent of Foley and his surety.

Fiumara contends that he was also liable to Warren Corporation by reason of the bond furnished the United States pursuant to the Miller Act. To this the appellee replies that Warren Corporation had no valid claim under that bond because it had not given the notice required by 40 U.S.C.A. § 270b. The material portions of this section are printed in the margin.*

---

* "§ 270b. Same; rights of persons furnishing labor or material

"(a) Every person who has furnished labor or material in the prosecution of the work provided for in such contract, in respect of which a payment bond is furnished under section 270a of this title and who has not been paid in full there-

It will be observed that the proviso refers to "any person having direct contractual relationship with a subcontractor but no contractual relationship express or implied with the contractor." Warren Corporation is not within that definition. It had direct contractual relationship with the subcontractor and it also had express contractual relationship with the contractor by reason of Fiumara's guarantee of Foley's account. Not falling within the class defined by the proviso, we think the Warren Corporation is covered by the first sentence of section 270b and had the right to sue upon the Miller Act bond without giving the notice required of materialmen who have no contractual relationship with the general contractor. Such notice is evidently for the protection of the contractor. See United States v. Fleishman Engineering & Const. Co., 2 Cir., 107 F.2d 925, 928. It is not needed when the contractor has himself entered into an agreement with the materialman of a subcontractor. United States v. Otis Williams & Co., D.C.Idaho, 30 F.Supp. 590. In ruling that notice was required to fix the rights of Warren Corporation under the Miller Act bond we think the district judge was in error.

■ The appellee's argument suggests that regardless of Fiumara's liability to Warren Corporation under the Miller Act bond, Fiumara can have no recovery upon his counterclaim and third party complaint because of his failure to obtain the architect's certificate required by Article V of the subcontract as a condition precedent to Fiumara's privilege of doing the work himself and deducting the cost thereof from money due or to become due to Foley. This contention cannot prevail. Foley re-

peatedly refused to do the disputed work, claiming that it was not within his contract; he knew Fiumara was undertaking to do it himself and at no time did he suggest that Fiumara had no authority to provide the necessary labor and materials until he had obtained a certificate from the architect. Having repudiated his own obligation and having acquiesced in Fiumara's performing the work, Foley must be held to have waived the architect's certificate as a condition precedent to Fiumara's doing it. See School Dist. of Eau Claire v. Blystone, 168 Wis. 471, 170 N.W. 721. Such waiver is binding upon Foley's surety. See Smith v. Molleson, 148 N.Y. 241, 250, 42 N.E. 669; Village of Canton v. Globe Indemnity Co., 201 App.Div. 820, 195 N.Y.S. 445; Brandrup v. Brazier, 111 Minn. 376, 127 N.W. 424.

■ The question remains whether the bond furnished by Foley to Fiumara protects against liability to Warren Corporation under the Miller Act bond or merely provides indemnity against loss sustained by payment of such liability. The appellee contends that the subcontractor's bond is one of indemnity not of suretyship. Its condition is that "the Principal shall faithfully perform the contract on its part, free and clear of all liens arising out of claims for labor and materials entering into the construction, and indemnify and save harmless the Obligee from all loss, cost or damage which it may suffer by reason of the failure so to do." Since the work was upon a structure for the United States, there could be no liens arising out of claims for labor and materials. To give the language any meaning it must be construed to refer to such claims as are provable under

---

for before the expiration of a period of ninety days after the day on which the last of the labor was done or performed by him or material was furnished or supplied by him for which such claim is made, shall have the right to sue on such payment bond for the amount, or the balance thereof, unpaid at the time of institution of such suit and to prosecute said action to final execution and judgment for the sum or sums justly due him: Provided, however, That any person having direct contractual relationship with a subcontractor but no contractual relationship express or implied with the contractor furnishing said payment bond shall have a right of action upon the said payment bond upon giving written notice to said contractor within ninety

days from the date on which such person did or performed the last of the labor or furnished or supplied the last of the material for which such claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was done or performed. Such notice shall be served by mailing the same by registered mail, postage prepaid, in an envelop addressed to the contractor at any place he maintains an office or conducts his business, or his residence, or in any manner in which the United States marshal of the district in which the public improvement is situated is authorized by law to serve summons."

the Miller Act bond furnished by the obligee. Such was the construction adopted in American Surety Co. v. Wheeling Structural Steel Co., D.C.W.Va., 26 F.Supp. 395, 400. Accordingly, Foley and his bondsman are liable for any loss suffered by Fiumara by reason of claims provable under the Miller Act bond. We agree with the appellee that the mere existence of liability to Warren Corporation would not suffice, for the bond appears by its terms to provide only for indemnity against loss. See Maloney v. Nelson, 144 N.Y. 182, 39 N.E. 82; MacArthur Brothers v. Kerr, 213 N.Y. 360, 364, 107 N.E. 572; First Nat. Bank of New York v. Bankers' Trust Co., 151 Misc. 233, 239, 271 N.Y.S. 191. To escape this conclusion the appellant relies upon Maine Lumber Co. v. Maryland Casualty Co., 216 App.Div. 35, 214 N.Y.S. 621, affirmed 244 N.Y. 537, 155 N.E. 887. But we regard that case as distinguishable; there were additional provisions in the bonding contract and circumstances connected with its execution which led to the conclusion that the bond in that case was one of suretyship rather than indemnity.

Prior to the trial and the district court's decision Fiumara had sustained no loss on account of his liability to Warren Corporation. On August 8, 1939, however, he paid $8,500 in satisfaction of a judgment obtained by Warren Corporation in an action upon Fiumara's guaranty. These facts were brought to the attention of the district court by a motion to amend the judgment, entered October 16, 1939, to provide that dismissal of Fiumara's counterclaim and third party complaint against American Surety Company should be without prejudice to the institution of a further action against it. The payment to Warren Corporation in satisfaction of its judgment obtained upon Fiumara's guaranty extinguished also his liability upon the Miller Act bond. It should be considered as a payment of that liability as well as of the judgment, and as such it was a loss against which the subcontractor's bond afforded Fiumara indemnity. As the term of court had not expired and the judgment was still within the court's control when Fiumara moved to modify it, we think that motion should have been granted. Accordingly the order is reversed and the judgment modified to provide that it shall be without prejudice to the institution of a further action against the American Surety Company. Costs of the appeal are awarded to the appellant.

Before he resigned Judge PATTERSON heard the argument of this appeal, and voted at the conference to reverse the order and to modify the judgment. Since his resignation he has read this opinion and authorizes us to say that it accords with his views.