**UNITED STATES, for Use and Benefit of JONES CONTRACTING CO. v. SKILKEN et al.**

Civil Action No. 4830.

District Court, N. D. Ohio, W. D.

Dec. 6, 1943.

Thos. B. Moore, of Detroit, Mich., and Richard T. Rector, of Columbus, Ohio, for plaintiff.

Justin L. Sillman and Crabbe, Garek & Sillman, all of Columbus, Ohio, for defendants.

## KLOEB, District Judge.

The motion before the Court is that of the United States Fidelity and Guaranty Company to vacate and set aside the order of the Court heretofore entered herein impleading it as a defendant on the motion and supplemental answer of Skilken Brothers defendants, and also to quash, set aside and dismiss as to it the summons and to strike from the files the other papers served upon it. The principal grounds of the motion are that there is a lack of jurisdiction over the subject matter alleged in the answer and supplemental answer of Skilken Brothers and a lack of jurisdiction over the person of the movant defendant; that there is improper venue insofar as any alleged claims against it are asserted in said answer and supplemental answer; that there is insufficiency of service of process; that there is a failure to state any alleged claim upon which relief can be granted against the movant; that there has been no compliance with the condition precedent, pursuant to the terms and conditions of the bond of the movant; that ten days' notice in writing must be given it, and that Skilken Brothers have been guilty of laches and lack of good faith.

This action is brought under the provisions of the so-called Miller Act, passed August 24, 1935, Title 40 U.S.C.A. §§ 270a–270d, by the United States for the use and benefit of the Jones Contracting Company, an Ohio corporation, a subcontractor of the defendant Skilken Brothers, general contractor, under a government contract for the erection of a storage warehouse in Ottawa County, Ohio, in this district. The suit is against Skilken Brothers as principal and three bonding companies as sureties upon the payment bond required to be given under the statute for the benefit of persons furnishing labor or material under a contract with the principal contractor, as well as any person so doing having direct contractual relationship with a subcontractor but no contractual relationship with the principal contractor. The claim of the plaintiff is for a balance alleged to be due on two contracts in writing, one for grading in the amount of $20,700 (Exhibit B to the complaint), and another for a railroad improvement in the amount of $35,000 (Exhibit C to the complaint), for extra or additional work claimed to have been ordered by the defendant and for rental of equipment, for which judgment in the total amount of $25,000 is asked. The issues were made up by the answer of Skilken Brothers, containing a cross-petition on which judgment was asked against the plaintiff for the sum of $30,000 for breach of contracts, the plaintiff's reply to the cross-petition and the answers of the three surety companies on the payment bond. The case was about ready for trial, and a pre-trial conference was had on March 1, 1943. At that time counsel for Skilken Brothers were given leave to file a motion to make new parties defendants, including United States Fidelity and Guaranty Company. Such a motion was filed on March 22, 1943, making that company a party defendant and also making additional parties defendant of a number of persons alleged to have unpaid claims for work and labor or materials furnished on the project to the plaintiff, and an order was thereupon entered granting this motion and giving such parties leave to intervene, answer or otherwise plead. On the same day Skilken Brothers filed a supplemental answer, alleging that the United States Fidelity and Guaranty Company executed a bond in the sum of $35,500 as surety to the plaintiff on the railroad improvement contract (Exhibit C attached to plaintiff's complaint); that the plaintiff failed and neglected to perform said contract, as more particularly set forth in the answer and cross-petition of Skilken Brothers filed to the complaint, and asking judgment against the United

States Fidelity and Guaranty Company for such sums as may be found due under said bond, but not in excess of $35,500. To this pleading plaintiff filed a reply on April 1, 1943.

In general, as to the construction to be given to the provisions of the Miller Act, it has been said: "In construing the earlier Act, the Heard Act, for which the Miller Act is a substitute, we observed that it was intended to be highly remedial and should be construed liberally. United States for the use of Alexander Bryant Co. v. New York Steam Fitting Co., 235 U.S. 327, 337, 35 S.Ct. 108, 59 L.Ed. 253; Illinois Surety Co. v. John Davis Co., 244 U. S. 376, 380, 37 S.Ct. 614, 61 L.Ed. 1206; Fleischmann Construction Co. v. United States, 270 U.S. 349, 360, 46 S.Ct. 284, 70 L.Ed. 624. * * * 'Technical rules otherwise protecting sureties from liability have never been applied in proceedings under this statute.' Illinois Surety Co. v. John Davis Co., supra. The same principle should govern the application of the Miller Act."

Section 270b (a) and (b), part of the so-called Miller Act relating to bonds of contractors for public buildings or works, covers the rights of persons furnishing labor or materials.

Section 270a provides for the furnishing of "a payment bond * * * for the protection of all persons supplying labor and material in the prosecution of the work provided for in said contract for the use of each such person."

Section 270b (a) provides for a right of action on the payment bond of a sub-contractor of the general contractor. It reads: "Every person who has furnished labor or material in the prosecution of the work provided for in such contract, in respect of which a payment bond is furnished under section 270a of this title and who has not been paid in full therefor before the expiration of a period of ninety days after the day on which the last of the labor was done or performed by him or material was furnished or supplied by him for which such claim is made, shall have the right to sue on such payment bond for the amount, or the balance thereof, unpaid at the time of institution of such suit and to prosecute said action to final execution and judgment for the sum or sums justly due him."

As to the rights of a person furnishing labor or material under a contract with a sub-contractor, the act further provides:

"Provided, however, That any person having direct contractual relationship with a subcontractor but no contractual relationship express or implied with the contractor furnishing said payment bond shall have a right of action upon the said payment bond upon giving written notice to said contractor within ninety days from the date on which such person did or performed the last of the labor or furnished or supplied the last of the material for which such claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was done or performed."

Section 270b (b), as to the jurisdiction of suits under this section, provides: "Every suit instituted under this section shall be brought in the name of the United States for the use of the person suing, *in the United States District Court for any district in which the contract was to be performed and executed and not elsewhere, irrespective of the amount in controversy in such suit,* but no such suit shall be commenced after the expiration of one year after the date of final settlement of such contract. * * *"

The Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, as to bringing in additional parties on a cross-claim, provide as follows: Rule 13 (g): "A pleading may state as a cross-claim any claim by one party against a co-party arising out of a transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein. *Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.*"

The rule further provides as to when additional parties may be brought in: *"(h) When the presence of parties other than those to the original action is required for the granting of complete relief in the determination of a counterclaim or cross-claim, the court shall order them to be brought in as defendants as provided in these rules, if jurisdiction of them can be obtained and their joinder will not deprive the court of jurisdiction of the action."*

See Simkins Federal Practice, 3 Ed., Section 318.

Seaboard Surety Co. v. United States, 9 Cir., 1936, 84 F.2d 348, cited by counsel for movant, was an action by the United

States for the use of Marshal-Wells Co. to recover against the surety company on a bond of the contractor given under the Miller Act for materials furnished, in which the contractor was not made a party defendant. It was contended that the Court had no jurisdiction over the surety unless the principal was joined in the action. The facts in that case do not seem analogous to the case here, where there exists a counter-claim of the defendant against the plaintiff on which the surety company movant may be liable. Rule 13 was not involved, as the case was decided before the Rules of Civil Procedure were in effect.

The case of Contracting Division A. C. Horn Corp. v. New York Life Insurance Company, 2 Cir., 113 F.2d 864, 865, cited by counsel for movant in support of its argument that the Court has no jurisdiction and that there exists improper venue, was a suit for infringement of patent by a non-exclusive licensee, wherein defendant filed a counterclaim for declaratory judgment against another subsidiary company, which owned the patent, and the parent corporation. Neither of the corporations sought to be joined was a resident of the district in which the suit was brought and did not maintain a regular and established place of business in such district. The Court granted the plaintiff's motion to dismiss the complaint and counterclaim and denied the defendant's motion to join additional parties. This action was affirmed on appeal. In support of the motion of the defendant to join additional parties, it relied upon Rule 13 (h) and other of the Rules of Civil Procedure, and on this point the Court said: "It relies upon Rules 13 (h), 19 (a), and 21 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c; but it fails to take note of Rule 82, which states that the rules shall not be construed to extend the jurisdiction of district courts or the venue of actions therein. Neither Research nor A. C. Horn Company (the parties sought to be joined) is a resident of the southern district of New York, nor has either a regular and established place of business in this district. They are residents of the eastern district of New York, and have their place of business there. This presents an insuperable obstacle to forcing them against their will into a suit in the southern district, if they be viewed as corporate entities separate and distinct from the plaintiff. Gibbs v. Emerson Electric Mfg. Co.,

D.C.W.D.Mo., 29 F.Supp. 810; Melekov v. Collins, D.C.S.D.Cal., 30 F.Supp. 159."

The case of Gibbs v. Emerson Electric Mfg. Co., D.C. Mo.1939, 29 F.Supp. 810, cited in the above quotation, was a patent infringement suit. The plaintiff averred that the defendant and the plaintiff jointly owned the title to the patent sued upon and made the joint owner a party. Motion to dismiss and quash service as to this defendant was granted on the ground that under the law one joint owner of a patent cannot compel the other joint owner to join in a suit for infringement or make him a party defendant. The other case cited above, Melekov v. Collins, D.C. Cal.1939, 30 F.Supp. 159, was an action in personam commenced in the *Southern* District of California, based exclusively upon diverse citizenship. Defendant moved to quash service of summons had upon him in the *Northern* District of California. The Court held that Rule 4(f) did not enlarge the jurisdiction of the Court as to the District in which the defendant might be sued and cited Gibbs v. Emerson Electric Mfg. Company, supra. It would seem that neither of these cases has any application to the question in the present case. It would also seem that while Rule 82, upon which the Court, in the case of Contracting Division A. C. Horn Corporation v. New York Life Insurance Company, supra, largely based its conclusion, provides generally that the rules shall not be construed to extend the jurisdiction of District Courts or the venue of actions therein, this rule must be read in connection with specific authority given in the rules, such as the provision in Rule 13 permitting additional parties to be brought in when their presence "is required for the granting of complete relief" and "if jurisdiction of them can be obtained and their joinder will not deprive the court of jurisdiction of the action", and also in connection with the provisions of Rule 1 that the Rules of Civil Procedure "shall be construed to secure the just, speedy and inexpensive determination of every action". Both of the above cases were cited in the case of O'Brien v. Richtarsic, D.C.N.Y.1941, 2 F. R.D. 42, 44, in an opinion which discusses the cases pro and con on the subject of third-party defendant proceedings under the rules, in which the Court came to the conclusion that, where the same transactions are involved in both the original complaint and third-party claim, the third-

party claim is ancillary and within the District Court's jurisdiction, although it sets up a separate cause of action from that in the original complaint, the Court saying: "While the third party claim sets up a separate cause of action from that in the original complaint, *the transactions involved in both complaints are the same, and it seems to me the clearly expressed intent of the Federal Rules of Civil Procedure is that such claims might be joined as 'in aid of the original suit' and 'to prevent relitigation of matters related to the same transaction,' and that, therefore, the third party claim is ancillary.* I think this view accords with Moore's Federal Practice Vol. 1, p. 779 et seq.; 45 Yale Law Journal, 393; Clark and Moore 'A New Federal Civil Procedure'; Hughes Federal Practice, Vol. 17, § 20800, p. 500, et seq."

The case of United States for the use of Lichter v. Henke Construction Company, D.C.Mo.1940, 35 F.Supp. 388, 389, cited in support of the motion, was an action by the plaintiff against the principal and surety on a contractor's bond given under the Miller Act to recover damages for breach of contract. Defendants moved for a bill of particulars and to strike out certain allegations of the complaint and to dismiss the second count of the complaint as not properly within the venue or jurisdiction of the Court. The motion for a bill of particulars and to dismiss the second count of the complaint was sustained. The Court held that, while the provisions of 28 U.S.C.A. § 112, provide that where the action is between citizens of different states suits shall be brought only in the district of the residence of either the plaintiff or defendant, in an action under Section 270b (b), "jurisdiction of the Federal Court is conferred by a special venue provision * * * [which is in the] District Court for any district in which the contract was to be performed." It further seems to have held that while Sections 270a–270c gave a contractor a right of action on the payment bond for material and labor, it did not include a right of action for breach of contract by defendants because of damages suffered by reason of delays. This case would not seem to support the position of the movant.

The case of United States, for the use of Pacific Coast Engineering Co. v. Maryland Casualty Co., D.C.Cal.1935, 10 F.Supp. 982, cited in the Henke case, supra, is also relied upon by counsel for the movant. In that case a suit was brought against the principal and surety company on a payment bond apparently given under the Heard Act, which was superseded by the Miller Act, and before the Rules of Civil Procedure were in effect. The surety company filed a cross-complaint, making the Pacific Coast Engineering Company a third-party defendant, alleging that subsequent to the making of the contract with the government it made a sub-contract with the Pacific Coast Engineering Company under which that company gave a bond with the American Surety Company as surety to pay all labor and material claims under the contract and any damages arising out of failure to perform, and that the contract was breached because of the failure of the Engineering Company to pay material and labor claims and to complete the contract, and asked judgment against the principal and the Maryland Casualty Company, its surety on the bond, for the amount of any judgment rendered against the cross-complainant. It would appear that the fact situation alleged and the question of jurisdiction was somewhat similar to that in this case, but the opinion of the court is rested entirely on the proposition that a corporation of one state cannot be compelled to answer to an action in a United States court in the district of another state unless the corporation is a citizen and resident of that district, and it did not, of course, have before it any question as to the application of the Rules of Civil Procedure which seem to apply to the situation.

The contention of counsel for the movant, on the point that this court lacks jurisdiction, is that the Miller Act is not intended to provide a basis for recovery between a contractor and a third person, such as the surety on the bond of the subcontractor plaintiff; that the proceeding is statutory in character, does not vest in the District Court any general jurisdiction, and that the Federal Rules of Civil Procedure regarding the filing of counterclaims and the bringing in of third parties have no application, citing cases discussed below.

■ As to Rule 14(a), it would hardly seem to apply to the situation in this case because it seems to be limited to bringing in as a third-party defendant "a person not a party to the action who is or may be liable to him or to the plaintiff for all or part of the plaintiff's claim against him", and that is not the situation here. Moreno v. United States, 1 Cir., 1941, 120 F.2d 128; Price & Sons v. Maryland Casualty Co., D.C.N.J.1942, 2 F.R.D. 408; Price & Sons

v. Maryland Casualty Co., D.C.N.J.1943, 50 F.Supp. 319. The third-party complaint in the appendix of forms to the Rules of Civil Procedure, 28 U.S.C.A. following section 723c (see Form 22) claims only a recovery from the third-party defendant of all or part of what the plaintiff may recover from the defendant or which the plaintiff is entitled to recover from the third-party defendant. In this case there is no claim on the part of Skilken Brothers that the United States Fidelity and Guaranty Company is liable to it for any part of the plaintiff's claim against it, so that Rule 14 would not seem to apply. The claim of Skilken Brothers against the movant, on the other hand, is based upon an alleged liability of the plaintiff to Skilken Brothers. Cases in which the bringing in of third-party defendants under Rule 14(a) has been permitted are mostly negligence cases, such as Culmer v. Baltimore & O. R. R. Co., D.C.Pa., 1941, 1 F.R.D. 765; Sussan v. Strasser, D.C.Pa.1941, 36 F.Supp. 266; General Taxicab Ass'n v. O'Shea, 1940, 71 App.D.C. 327, 109 F.2d 671.

The case of United States v. Biggs, D.C. Ill.1942, 46 F.Supp. 8, cited by counsel for movant, was an action by the United States for the use of Mutual Metal Mfg. Co. v. Biggs et al., on a payment bond given under the Miller Act for the construction of a postoffice. The defendants filed a counterclaim for a balance allegedly due from the United States on the construction contract. The motion of the United States to strike and dismiss the counterclaim against it was granted, the Court holding that the United States was merely a nominal party to the action and that the Court had no jurisdiction of the contractor's counterclaim against it. This holding has no application to the facts in the present case, although the Court made a broader application of the law than was necessary to its decision.

Counsel for the movant also cite the case of United States v. United States Fidelity & Guaranty Company et al., 2 Cir., 113 F. 2d 888. The case in the lower court is reported in D.C.N.Y.1939, 28 F.Supp. 443. From an examination of that case it appears that it presents a situation with regard to the pleadings and the issues somewhat parallel to the case at bar. There plaintiff entered into a subcontract with the general contractor to furnish materials and perform work in connection with the plumbing and mechanical work on a sewage disposal plant of a government pro-

ject, and sued for a balance of $14,999.14 alleged to be due from the general contractor, making the United States Fidelity and Guaranty Company, surety on the payment bond of the general contractor under the Miller Act, a party defendant. The defendants counterclaimed that plaintiff failed and refused to perform its obligations under the subcontract; that the defendant general contractor was required to complete the work under the subcontract at a cost to him of $14,963.55; that the subcontractor plaintiff breached his contract by failing and refusing to pay certain accounts for which he was indebted for materials in the sum of $14,670.39; and asked for a judgment in the sum of $14,670.39 against the American Surety Company, the surety on the bond of the subcontractor plaintiff to the general contractor. An intervening material supplier alleged that it entered into an agreement with the plaintiff to furnish materials and equipment for the job at an agreed price of $2,850.90, that the materials were furnished, that it has not been paid, and asked for judgment against the plaintiff and the defendant general contractor. The Court found that the plaintiff failed and refused to perform certain obligations under his subcontract, that the work which should have been done by the plaintiff was completed by the general contractor and was of the reasonable value of $14,963.55, the amount claimed by the general contractor, and that, therefore, the plaintiff was entitled to no more than it received and was not entitled to any recovery. The Court further held that the defendant general contractor showed no damage by reason of the failure of the plaintiff to complete his subcontract, because the cost to the general contractor for completing the contract plus the amount already paid to the plaintiff was less than the contract price, and that, therefore, the third-party defendant, American Surety Company, was relieved from any claim for damages under its bond to insure the performance of the contract by the plaintiff. The Court found in favor of the intervenor and against the plaintiff in the sum claimed of $2,850.90. There were no cases cited or discussed in the opinion. No question seems to have been raised in this case as to the right of the defendant general contractor to bring the American Surety Company, surety on the bond of the plaintiff on the contract between him and the general contractor, into the case as a third-

party defendant. This case was affirmed but the judgment was modified on appeal in United States v. United States Fidelity & Guaranty Company, 2 Cir., 1940, 113 F. 2d 888. From the opinion of the Court of Appeals it appears that the argument on appeal was limited to the single issue of whether the court below erred in denying the general contractor recovery against the plaintiff and his surety on account of a bill of some $9,000 owed by the plaintiff to Warren Foundry & Pipe Corp., which had supplied materials for work done by the plaintiff. The Court held that, under the subcontractor's bond, his failure to pay for materials incorporated into the job constituted a breach of his contract with the general contractor. It further found that up to the time of trial the general contractor had paid nothing to the Warren Corporation on account of its bill for materials but that he had incurred a liability therefor by reason of a guarantee he had given the Warren Corporation, and that he was also liable on his bond given under the Miller Act. Subsequent to the trial but before entry of the judgment, the general contractor was compelled to pay Warren Corporation in an action which it brought against the general contractor the sum of $8,500. The general contractor thereupon moved to amend the judgment so as to provide it should be without prejudice to further action against the subcontractor's surety, which motion was denied. This action the Court of Appeals reversed and held that the plaintiff and his surety were liable for any loss suffered by the general contractor by reason of claims provable under the Miller Act.

■ Following the procedure in the above case, it would seem proper for the defendant Skilken Brothers to bring in the United States Fidelity & Guaranty Company, surety for the subcontractor, as a third-party defendant, in an effort to recover from it any loss which it may prove to have sustained by reason of the failure of the plaintiff to perform the obligations under its contract to insure the performance of which the bond of the United States Fidelity & Guaranty Company was given.

The cases of Goodyear Tire & Rubber Co. v. Marbon Corp., D.C.Del.1940, 32 F. Supp. 279; United States v. Ætna Casualty & Surety Co., 6 Cir., 1925, 5 F.2d 412; and Crim v. Lumberman's Mutual Casualty Co., D.C.D.C.1939, 26 F.Supp. 715, are also cited by counsel for the movant. None of these cases seem to have any application to the question here. The Goodyear case was an action by the plaintiff against defendants for an injunction against the assertion of rights under a patent. One of the defendants, Marbo Patents, Inc., filed a motion for leave to file an additional counterclaim as a supplemental pleading, which was denied. The Court said that to come within Rule 13 the counterclaim must have "matured", that the proposed counterclaim had not matured and that it was unauthorized by the Rules of Civil Procedure. The Ætna Casualty Company case held only that an action on the bond of a contractor for public work to recover for labor and materials furnished may be maintained against the surety alone without joining the contractor. The Crim case was a negligence case in which the application of Rule 14 was involved, and would not seem to apply here.

■ That diversity of citizenship is not necessary to jurisdiction in a case under the Miller Act is held in the case of United States v. American Surety Co., D.C.N.Y. 1938, 23 F.Supp. 644. That was an action commenced by the United States for the use and benefit of the Foster Wheeler Corporation, a subcontractor, against the surety company named in the bond of the general contractor given under the Miller Act. The principal named in the bond moved for an order permitting it to intervene on the ground that it had received notice from the surety company to come in and defend the action and that if it did not do so it would be estopped from disputing whatever judgment was rendered and will be bound by any judgment against the surety company. This motion was opposed by the subcontractor for whose benefit the suit was brought on the bond on the ground that there was no diversity of citizenship and that it was not permissible to join in the case a party who might assert a counterclaim against the plaintiff when the plaintiff has definitely refused to bring in such party as a defendant. The motion for intervention was granted on the ground that it promoted justice in such a situation.

In this case it would seem to promote justice if the U. S. Fidelity and Guaranty Co., as surety on the bond of the plaintiff on its contract with Skilken Brothers, was made a party to this case so that a judgment could be entered therein against it,

without the necessity of a separate and independent action, if it is found that the plaintiff is liable to Skilken Brothers for non-performance of the conditions of the contract on which the bond of the surety company was given.

In Holtzoff on New Federal Procedure and the Courts, discussing the subject of third-party practice, pages 46-50, it is stated:

"The scope of third-party practice under the new Rules is exceedingly broad. It may be invoked against a party who is liable to the defendant for all or a part of the plaintiff's claim, as, for instance, in a case in which the third party is liable for contribution or indemnification or as an insurer of the defendant's liability. It is also proper in cases in which the proposed third-party defendant is not liable over to the original defendant but is liable directly to the plaintiff on the same claim. In this connection, it should be observed that it is immaterial that the liability of the third-party defendant may be based on a different contract than the agreement existing between the plaintiff and the original defendant, if the liability arises out of substantially the same state of facts. *As the practice is necessarily flexible, it is permissible to maintain the third-party complaint jointly as against the third-party defendant and the original plaintiff.* Dewey & Almy Chemical Co. v. Johnson, Drake & Piper, D.C.E.D. N.Y., 25 F.Supp. 1021. * * *"

"*The object of such procedure is to make it possible to avoid circuity of action and to adjust in a single suit several phases of the same controversy as it affects the parties.* Obviously, it would very frequently be the fact that there is diversity of citizenship as between the plaintiff and defendant, but that such diversity is lacking as between defendant and a third-party defendant. Consequently, it is to be hoped that it will become the definitive rule that *a separate ground for Federal jurisdiction is not required as a basis for a third-party proceeding.*"

The case of Dewey & Almy Chemical Co. v. Johnson, Drake & Piper, D.C., 25 F.Supp. 1021, cited in the above quotation, was an infringement suit brought by the plaintiff. It was attempted to bring in third-party defendants for alleged violations of the Clayton Act, 38 Stat. 730. The third-party complaint alleged that the third-party defendants were using the plaintiff as nominal title holder of patents in suit in an attempt to set up a monopoly of unpatented commodity, and this was the basis of the cause of action against the plaintiff and third-party defendants. The Court held that the third-party complaint was proper against the plaintiff and against the third-party defendants. No cases, however, are cited in the opinion on this point.

Schram v. Roney, D.C.Mich.1939, 30 F. Supp. 458, was an action by the Receiver of the Detroit Bank against defendants for assessments on bank stock. A motion was filed by the defendants for permission to bring in third-party defendants, being persons to whom they had transferred stock within sixty days before the bank's failure, in order to obtain reimbursement from them. The Court held:

"On question of a defendant's right to bring in third party defendants under procedural rule, in the aid of justice and equity once a matter has come before the federal courts and the question of venue is not of paramount importance or is not affected, jurisdictional requirements are not looked upon as insurmountable when no great hardship or inequity is inflicted on those third parties. Rules of Civil Procedure for District Courts, rule 14(a), 28 U.S.C.A. following section 723c.

"Where there is some connection between the nature of a plaintiff's claim against defendant and defendant's claim against third parties, the entire matter should be disposed of, once jurisdiction has been obtained, and defendant should be allowed to bring in the third parties under procedural rule. Rules of Civil Procedure for District Courts rule 14(a), 28 U.S.C.A. following section 723c."

The above case would seem to be authority for interpreting Rule 14 to permit the bringing in as third party defendants of persons against whom the defendants may have some claim. In the opinion Judge Picard quotes at some length from an address delivered by Alexander Holtzoff, Special Assistant to the Attorney General, on September 22, 1938, on the subject of the New Rules of Civil Procedure, in which he stated:

" 'At the very inception, a vital question arises in connection with the use of this contrivance, namely, is it necessary that there exist an independent ground of Federal jurisdiction for the third-party complaint? In other words, if the original suit is based on a diversity of citizenship,

must there be a like diversity between the defendant and the third-party defendant? *The solution of this fundamental problem would seem in turn to depend on the answer to the query whether a third-party proceeding is to be regarded as ancillary to the main suit or as an independent proceeding. If the former, obviously an independent ground of Federal jurisdiction is not needed.* If the latter, a third-party complaint may not be maintained unless the defendant can show Federal jurisdiction for the controversy as between him and the third-party defendant.

" 'Manifestly, if the narrow view were adopted, third-party practice could be but rarely invoked, especially in cases in which jurisdiction is based on diversity of citizenship. Frequently, there may be a diversity of citizenship as between a plaintiff and defendant without the existence of this element as between the defendant and some person who has agreed to indemnify him, or who is liable to contribution.

" 'The circuit courts of appeals do not seem to have spoken on this matter as yet. The district courts, however, guided perhaps by the inspiring judicial admonition that 'we must let our minds be bold', fortunately, are, one by one, *adopting the view that a third-party proceeding is ancillary or auxiliary to the main action and, therefore, does not require an independent ground of Federal jurisdiction.* This conclusion has been reached in two districts in this circuit, the Western District of Pennsylvania and the District of New Jersey.

" 'Third-party practice under the new Rule covers a more extensive field than third-party practice under some of the codes, for it is not limited to cases in which the third-party defendant is secondarily liable to the original defendant, but extends also to instances in which the third-party defendant is directly liable to the plaintiff.'

"In support of the above statements, the following cases were cited: Bossard v. McGwinn, D.C.W.D. Pa., 27 F.Supp. 412; Kravas v. Great Atlantic & Pacific Tea Co., D.C.W.D. Pa., 28 F.Supp. 66; Satink v. Holland, D.C.N.J., 28 F.Supp. 67."

In Bossard v. McGwinn, D.C.Pa.1939, 27 F.Supp. 412, cited by Mr. Holtzoff, it was held that the third-party claim does not require independent jurisdictional grounds, syllabus 1 reading: "Under civil procedure rule authorizing defendant to bring in a third party as defendant, the third-party claim does not require independent jurisdictional grounds, but is an ancillary claim to original suit."

This case arose out of an automobile collision and was removed to the Federal Court because of diversity of citizenship on the petition of the defendant, who thereafter sought to bring in the driver of the other automobile as a third-party defendant. The plaintiffs and third-party defendant were all residents of the district. The Court held that this did not entitle the third-party defendant to have the complaint against him quashed, but required him to answer, as required by Rule 12 of the Rules of Civil Procedure. Rule 14(a) was involved in this case.

On the question of jurisdiction in connection with a third-party complaint, the Court held, in the case of Kravas v. Great Atlantic & Pacific Tea Co., D.C.Pa.1939, 28 F.Supp. 66, also cited by Mr. Holtzoff (Syllabus 1): "The federal District Court for the Western District of Pennsylvania had jurisdiction over third-party complaint filed by defendant which was a New Jersey corporation, notwithstanding that both plaintiffs and third-party defendants were Pennsylvania residents."

In this case the plaintiff and her husband filed suit against the Tea Company to recover damages for personal injuries received in an accident which occurred in front of the store of the defendant. The defendant filed a third-party complaint against the owner of record of the property and the mortgagee in possession thereof on the ground that they were liable to the plaintiffs for the cause of action declared upon. The motion to dismiss the third-party complaint was denied.

■ We conclude that under the law and the provisions of Rule 13 (g, h) this Court has jurisdiction of the cross-claim of Skilken Brothers against the movant, as ancillary to the main action.

■ As to the ground of the motion that there was insufficiency of process, the return seems to show that the service was made upon the duly authorized agent of the movant and that such service was proper.

■ As to the ground that there is no showing that the defendants Skilken Brothers had given ten days' notice to the movant, under the provision in the bond for notice, that would seem to be a matter of defense to the cross-claim, if it is not a

condition applicable only to persons who furnished labor and material to the principal obligor and were unpaid.

The motion should be overruled and an order entered that the answer to the cross-claim attached to the motion of the United States Fidelity & Guaranty Company be forthwith filed as an answer to the cross-petition and the supplemental answer of Skilken Brothers.