UNITED STATES of America for the Use and Benefit of CLAUSSEN–OLSON–BENNER, INC., a corporation, Plaintiff,

v.

DOOLITTLE CONSTRUCTION, INC., Acme General Contractors, Inc., Louis M. Ray and Woodrow W. Nail, Defendants.

Civ. No. 394 L.

United States District Court
D. Nebraska.

July 7, 1961.

Allen F. Overcash, Woods, Aitken & Aitken, Lincoln, Neb., for plaintiff.

Jerrold L. Strasheim, Mason, Knudsen, Dickeson & Berkheimer, Lincoln, Neb., for defendant Acme General Contractors, Inc.

VAN PELT, District Judge.

This matter is before the court upon the motion of Acme General Contractors to dismiss the action against it, and upon the defenses raised in the separate answers of Doolittle, Ray, and Nail that the plaintiff has failed to state a claim against them. The facts may be briefly stated.

The Department of the Interior entered into a contract with defendant Doolittle Construction Inc. whereby Doolittle agreed to perform certain construction work near Culbertson, Nebraska. As required by the Miller Act, 40 U.S.C. § 270a et seq., 40 U.S.C.A. § 270a et seq. Doolittle furnished a payment bond for the protection of persons supplying labor and material in connection with the construction. The bond names Doolittle as principal. Defendants Woodrow W. Nail and Louis M. Ray were individual sureties on this bond. Doolittle assigned the contract to defendant Acme General Contractors, Inc. Claussen-Olson-Benner, Inc., the use plaintiff (hereinafter referred to as plaintiff), furnished labor and materials to Acme. The plaintiff alleges that Acme has failed to pay for such labor and materials, and has brought this suit against Doolittle, Acme, Ray and Nail.

Doolittle in its answer has cross-claimed against Acme, alleging that Acme, as assignee of the contract, agreed to pay all expenses incurred in performing the contract, and claiming that if Doolittle is found liable to the plaintiff it is entitled to exoneration and reimbursement from Acme.

Acme has moved to dismiss the action against it, and as one reason therefor advances the proposition that this court lacks jurisdiction over the subject matter of plaintiff's claim against it and over the person. Before examining the merits of Acme's contention it is necessary to examine the provisions of the Miller Act. 40 U.S.C. § 270a, 40 U.S.C.A. § 270a provides:

"(a) Before any contract, exceeding $2,000 in amount, for the construction, alteration, or repair of any public building or public work of the United States is awarded to any person, such person shall furnish to the United States the following bonds, which shall become binding upon the award of the contract to such person, who is hereinafter designated as 'contractor':

"(1) A performance bond with a surety or sureties satisfactory to the officer awarding such contract, and in such amount as he shall deem adequate, for the protection of the United States.

"(2) A payment bond with a surety or sureties satisfactory to such officer for the protection of all persons supplying labor and material in the prosecution of the work provided for in said contract for the use of each such person. Whenever the total amount payable by the terms of the contract shall be not more than $1,000,000 the said payment bond shall be in a sum of one-half the total amount payable by the terms of the contract. Whenever the total amount payable by the terms of the contract shall be more than $1,000,000 and not more than $5,000,000, the said payment bond shall be in a sum of 40 per centum of the total amount payable by the terms of the contract. Whenever the total amount payable by the terms of the contract shall be more than $5,000,000 the said payment bond shall be in the sum of $2,500,-000.

"(b) The contracting officer in respect of any contract is authorized to waive the requirement of a performance bond and payment bond for so much of the work under such contract as is to be performed in a foreign country if he finds that it is impracticable for the contractor to furnish such bonds.

"(c) Nothing in this section shall be construed to limit the authority of any contracting officer to require a performance bond or other security in addition to those, or in cases other than the cases specified in subsection (a) of this section."

40 U.S.C. § 270b, 40 U.S.C.A. § 270b provides:

"(a) Every person who has furnished labor or material in the prosecution of the work provided for in such contract, in respect of which a payment bond is furnished under section 270a of this title and who has not been paid in full therefor before the expiration of a period of ninety days after the day on which the last of the labor was done or performed by him or material was furnished or supplied by him for which such claim is made, *shall have the right to sue on such payment bond* for the amount, or the balance thereof, unpaid at the time of institution of such suit and to prosecute said action to final execution and judgment for the sum or sums justly due him: *Provided, however,* That any person having direct contractual relationship with a subcontractor but no contractual relationship express or implied with the contractor furnishing said payment bond shall have a right of action upon the said payment bond upon giving written notice to said contractor within ninety

days from the date on which such person did or performed the last of the labor or furnished or supplied the last of the material for which such claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was done or performed. Such notice shall be served by mailing the same by registered mail, postage prepaid, in an envelope addressed to the contractor at any place he maintains an office or conducts his business, or his residence, or in any manner in which the United States marshal of the district in which the public improvement is situated is authorized by law to serve summons.

"(b) Every suit instituted under this section shall be brought in the name of the United States for the use of the person suing, in the United States District Court for any district in which the contract was to be performed and executed and not elsewhere, irrespective of the amount in controversy in such suit, but no such suit shall be commenced after the expiration of one year after the date of final settlement of such contract. The United States shall not be liable for the payment of any costs or expenses of any such suit."

Plaintiff's complaint bases jurisdiction solely on these provisions of the Miller Act. It is to be noted that Section 270b provides only for suit on the payment bond. Plaintiff concedes that the Miller Act by its terms does not provide for suit against parties other than the principal and surety on the bond. Plaintiff contends, however, that such claim is ancillary to the Miller Act proceeding and therefore properly within the jurisdiction of this court. Acme denied that there is ancillary jurisdiction.

This court holds that it has jurisdiction to determine plaintiff's claim against Acme.

In Glens Falls Indemnity Co. v. United States, 9 Cir., 1955, 229 F.2d 370, cited by plaintiff in opposition to the motion, an electrical supplier furnished materials to a sub-contractor. The supplier sued the sub-contractor and the prime contractor, and the suit was brought under the Miller Act. The prime contractor cross-claimed against the sub-contractor and the sub-contractor's surety. On appeal the issue was whether the district court had jurisdiction to determine the third-party claim against the sub-contractor's surety. It was held that since the third-party claim arose out of the subject matter of the original action and the same persons and issues were involved, there was ancillary jurisdiction to determine this claim. It was also pointed out that the cross-claim against the sub-contractor could be adjudicated under ancillary jurisdiction.

The Glens Falls decision is authority which authorizes this court to determine the cross-claim of Doolittle against Acme. Such a claim is ancillary to the suit on the bond. This court has jurisdiction over Acme for that purpose. But the precise question before the court is whether the ancillary jurisdiction over the cross-claim also confers jurisdiction over the plaintiff's claim against Acme. The facts show a suit on the bond against Doolittle and the individual sureties, a suit on the contract against Acme, and a cross-claim against Acme by Doolittle. In order for plaintiff to recover on the bond it is necessary that Acme's default on the contract be established. If plaintiff establishes the default Doolittle becomes liable on the bond. In such event Acme should be liable to Doolittle under the contract of assignment. Thus, before any relief can be granted in this suit the contract liability must be determined. When such a determination must be made the concept of ancillary jurisdiction seems to dictate that this court can exercise jurisdiction of plaintiff's claim against Acme. Barron and Holtzoff (Federal Practice and Procedure, Vol. 1, § 23, p. 94) state that ancillary jurisdiction "is a common-sense solution of the problems of piecemeal litigation which otherwise would arise by virtue of the

limited jurisdiction of federal courts." Adherence to this "common sense" approach will allow a just result in the instant case. Since it is necessary to determine the rights arising under the contract the failure of this court to take the final step and grant complete relief might cast part of the suit upon some other court. Effective disposition of the case requires this court to adjudicate plaintiff's contractual claim against Acme.

Plaintiff has also cited United States v. Skilken, D.C.N.D.Ohio 1943, 53 F. Supp. 14, which held that the court in a Miller Act proceeding had ancillary jurisdiction to determine a cross-claim by the principal on the payment bond asserted against a surety of the use plaintiff. Factually the case is distinguishable, but the reasoning of the court in finding that ancillary jurisdiction existed is pertinent here. The court there said:

> "In this case it would seem to promote justice if the U. S. Fidelity and Guaranty Co., as surety on the bond of the plaintiff on its contract with Skilken Brothers, was made a party to this case so that a judgment could be entered against it, without the necessity of a separate and independent action, if it is found that the plaintiff is liable to Skilken Brothers for non-performance of the conditions of the contract on which the bond of the surety company was given." 53 F.Supp. at page 20.

Similarly, it will promote justice in the instant case if the claims of plaintiff and Doolittle against Acme can be determined without the necessity of separate actions.

The same conclusion may be reached by following a different line of reasoning. Plaintiff has cited the case of United States for Use of Marysville Tractor & Equipment Co. v. Pinole Land Co., D.C. N.D.Calif.1959, 171 F.Supp. 87, 88. There a Miller Act suit was brought against the prime contractor, a sub-contractor and a sub-sub-contractor. The complaint alleged that the use plaintiff had furnished labor and materials to the sub-sub-contractor, Taylor, who had agreed to pay for them. The sub-sub-contractor claimed that there was no jurisdiction over the subject matter of the claim against him. It was held that the allegation that Taylor was a sub-contractor who had been furnished labor and materials which it agreed to pay for was a "sufficient allegation that Taylor had a direct contractual relationship with use-plaintiff to vest this Court with jurisdiction under the broad grant of the Miller Act." The Glens Falls case was cited as authority. However, the court did not set forth the reasoning upon which its conclusion was based. The facts in the case at bar do not differ materially from those in Pinole, and it furnishes a precedent for the conclusion which this court reaches. It is desirable, however, to elaborate briefly upon the reasons for reaching the conclusion.

Title 40 U.S.C. 270b, 40 U.S.C.A. § 270b provides in part: "That any person having direct contractual relationship with a subcontractor but no contractual relationship express or implied with the contractor furnishing said payment bond shall have a right of action upon the said payment bond * * *." There has been no allegation that plaintiff had any direct or implied contractual relationship with the obligor on the bond, Doolittle construction. Therefore, plaintiff's right to proceed against Doolittle is dependent upon its having a direct contractual relationship with the sub-contractor, Acme. This court holds that the Miller Act confers jurisdiction over a sub-contractor having the status of Acme in order that the plaintiff's direct contractual relationship with the sub-contractor can be established. This seems to be the proper interpretation of the Pinole case. Resorting again to the concept of ancillary jurisdiction the proper conclusion is that since this court has jurisdiction over Acme for the purpose of establishing that plaintiff and Acme had a direct contractual relationship, it has ancillary ju-

risdiction to determine the plaintiff's claim against Acme.

Before leaving the discussion of jurisdiction over the subject matter, one further point must be mentioned. Acme in its brief contends that the rule of Hurn v. Oursler, 1933, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148, deprives this court of jurisdiction over the claim against Acme. It was there held that there was a limitation on the general rule allowing a federal court having jurisdiction by virtue of a substantial federal question to determine also the local questions involved. The Court said at 289 U.S. at pages 245–246, 53 S.Ct. at page 589:

> "But the rule does not go so far as to permit a federal court to assume jurisdiction of a separate and distinct nonfederal cause of action because it is joined in the same complaint with a federal cause of action. The distinction to be observed is between a case where two distinct grounds in support of a single cause of action are alleged, one only of which presents a federal question, and a case where two separate and distinct causes of action are alleged, one only of which is federal in character. In the former, where the federal question averred is not plainly wanting in substance, the federal court, even though the federal ground be not established, may nevertheless retain and dispose of the case upon the nonfederal *ground*; in the latter it may not do so upon the nonfederal *cause of action*."

It may be true as Acme asserts that plaintiff's claim against Acme is nonfederal in character. But as is obvious from the prior discussion, this court is not assuming jurisdiction over the claim simply because it is joined with the federal cause of action. Further, this case is not an instance of two separate and distinct causes of action being asserted. Rather, there is one cause of action for breach of contract with two different types of relief being demanded. For these reasons it is held that the assumption of jurisdiction over the claim does not contravene the rule of the Hurn case.

■ Acme has made the further point that even if there is jurisdiction over the subject matter of plaintiff's claim there is no jurisdiction over the person of Acme. The premise is that although extra-territorial service is authorized by the Miller Act for suits on payment bonds, there is no authority permitting extra-territorial service for claims ancillary to suits on payment bonds. Acme argues that since it was served in Louisiana such service is ineffective to confer personal jurisdiction upon this court. While there is some authority for the proposition for which Acme contends it is unnecessary to deal with the question on that basis. Earlier in this opinion, this court held that it had jurisdiction over the claim against Acme, and that such jurisdiction was conferred by the Miller Act itself, because of the necessity for determining the plaintiff's direct contractual relationship with Acme. For this reason there is no problem regarding the efficacy of extra-territorial service in connection with ancillary claims. Therefore, service of summons in Louisiana was proper. United States for use of Tom G. Dillingham v. McCarty, D.C.Colo.1959, 174 F.Supp. 629.

■ As an alternative ground for dismissal Acme pleads that plaintiff has failed to state a claim. Paragraph V of the complaint alleges that Acme failed to pay the plaintiff according to the contract. Rule 8(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Suffice it to say that plaintiff has sufficiently complied with this requirement to enable the complaint to stand against the motion. Andrews v. Heinzman, D.C. Neb.1948, 8 F.R.D. 48. For the same reason the prayers for dismissal for failure to state a claim which are found in the separate answers of Doolittle, Ray, and Nail will be denied upon presentation of an order by counsel for plaintiff.