UNITED STATES, for Use of PACIFIC COAST ENGINEERING CO., Inc., v. MARYLAND CASUALTY CO. et al.

No. 19642–8.

District Court, N. D. California, S. D.

May 17, 1935.

David D. Oliphant, Jr., and Benoni H. McClure, both of Oakland, Cal., for plaintiff.

John Ralph Wilson, of San Francisco, Cal., for cross-complainants.

Thomas E. Davis, of San Francisco, Cal., for cross-defendant Financial Center Bldg.

LINDLEY, District Judge.

This suit was instituted in the name of the United States of America, for the use and benefit of the Pacific Coast Engineering Company, Inc., a California corporation, against the Wallace Bridge & Structural Steel Company, a Washington corporation, and the Maryland Casualty Company, a Maryland corporation, upon a bond executed by the latter two companies, as principal and surety, to secure the performance of a contract of the principal to construct a certain government structure and to pay promptly all persons supplying labor and materials in the prosecution of the work. The suit is based upon the Act of Congress authorizing such actions at law (title 40, § 270, USCA).

On February 19, 1935, defendant Maryland Casualty Company filed in this court its cross-complaint, making parties defendant thereto the Pacific Coast Engineering Company, Inc., a California corporation, and the American Bonding Company of Baltimore, a Maryland corporation. The cross-complainant alleged that subsequent to the making of the contract with the government, it had subcontracted in writing with the Pacific Coast Company to fabricate and deliver to the structure certain steel work; that cross-defendant, American Bonding Company, as surety, joined with the said contractor, as principal, in the execution of a performance bond in favor of the Wallace Bridge & Structural Steel Company to secure the performance of the subcontract above mentioned, to pay in full all persons furnishing labor or material for the completion of said contract, and to indemnify the obligee against all loss and damage arising out of any failure of the Pacific Coast Company to perform faithfully its contract and against direct loss resulting from the failure of the Pacific Company to comply with its contract and to pay for all labor and material; that the Pacific Company failed to complete its contract, that it owes certain materialmen and laborers, and that cross-complainant should have judgment against the principal and surety on said last-mentioned bond for

the amount of any judgment that may be rendered against the cross-complainant.

Thereafter the American Bonding Company filed its motion to quash the summons and service thereof and to dismiss the cross-complaint on the grounds: first, that neither the cross-complainant nor the cross-defendant are citizens or residents of California or of the district wherein the action was brought; and, second, that there is absence of requisite diversity of citizenship.

■ Section 112 of title 28 of the United States Code Annotated is as follows: "Except as provided in sections 113 to 117 of this title, no person shall be arrested in one district for trial in another in any civil action before a district court; and, except as provided in sections 113 to 118 of this title, no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

Under this provision, it has been held that a nonresident corporation may not be sued in the federal courts without its consent in a state in which it is merely doing business, except by a citizen of that state, in the district of which the latter is an inhabitant. In other words, a corporation incorporated in one state cannot be compelled to answer to a civil suit at law or in equity in a court of the United States held in the district of another state, even though the corporation has a usual place of business in that district, unless the plaintiff is a citizen and resident of the district. Shaw v. Quincy Min. Co., 145 U. S. 444, 450, 12 S. Ct. 935, 36 L. Ed. 768; Southern Pacific Co. v. Denton, 146 U. S. 202, 205, 13 S. Ct. 44, 36 L. Ed. 942; Mexican C. R. Co. v. Pinkney, 149 U. S. 194, 204, 13 S. Ct. 859, 37 L. Ed. 699; and other cases cited in USCA title 28, sec. 112, note 53.

Obviously, under the language of the act and the interpretation of the same by the Supreme Court, the defendant is not subject to service in this district, at the suit of a foreign corporation, unless some federal question is set forth in the cross-complaint which would necessitate the court taking jurisdiction of the controversy irrespective of citizenship.

An examination of the amended cross-complaint discloses that no federal question is involved, and that the court might retain jurisdiction only because of diversity of citizenship, which is wholly lacking. The bond upon which this cross-complaint was brought is not within the statute of the United States, but constitutes a private contract between private parties in which the public is in nowise interested. Until Congress enlarges the remedies provided in section 112 (28 USCA) so as to include an action by the original contractor or its subrogated surety against the subcontractor, upon a private bond, the court is powerless to act against the latter, except in cases involving diversity of citizenship.

■ It is asserted by the cross-complainant, however, that the court is controlled by the rule which provides that where the counterclaim or cross-bill relates to the same subject-matter as the original bill or complaint, the citizenship of the parties is quite immaterial; that if the court has jurisdiction of the original bill, it has jurisdiction of the cross-bill, and that the latter need not disclose grounds of federal jurisdiction. This rule is clearly based upon that doctrine of equity which teaches us that multiplicity of actions is to be avoided. An examination of the California Code is persuasive that the rule referred to applies in California to actions at law; consequently, the ruling of this court must be the same as though this were a suit in equity.

However, I do not deem this rule applicable here, for the reason that an essential element of the rule, viz., that the cross-complaint and the original complaint must grow out of the same subject-matter and relate thereto, is not present. The cross-complaint attempts to bring into this suit a new and separate cause of action, arising out of another and separate contract and bond. It seeks a recovery upon an indemnity given to cross-complainant's principal against loss on its subcontract. Such relief is not germane to the subject-matter of the original complaint, by virtue of which alone federal jurisdiction exists. It amounts to an injection of a new lawsuit against a new party, based upon a private contract. Such new party has a right to have that demand heard in a suit embracing only that cause of action. Moreover, it will be observed that until there shall be an assessment of damages against the cross-complainant, it will have no right to

984

recover damages upon the subcontractor's bond for failure to indemnify.

Accordingly, the motion to quash the summons and the service thereof and to dismiss the cross-complaint, so far as the American Bonding Company is concerned, is allowed.