**UNITED STATES, for Use and Benefit of SHLAGER et al. v. MacNEIL BROS. CO. et al.**

No. 112.

District Court, D. Massachusetts.

April 4, 1939.

Benjamin M. Sriberg and Wilfred S. Mirsky, both of Boston, Mass., for plaintiffs.

Angus M. MacNeil, of Boston, Mass., for defendants.

BREWSTER, District Judge.

This complaint is brought under the Act of August 24, 1935, ch. 642, 49 Stat. 794, 40 U.S.C.A. § 270b, against a contractor and his surety upon a payment bond, given pursuant to said statute.

Both defendants have filed motions to dismiss.

The material allegations of the complaint are that the defendant MacNeil Bros. Company entered into a contract with the United States for the removal of the towboat "Plymouth" at. Cape Cod Canal and, in connection with said contract, the defendant MacNeil Bros. Company, as principal, and the Hartford Accident and In-

demnity Company, as surety, executed a bond conditioned upon the prompt payment to all persons supplying labor and material in the prosecution of the work.

Groisser and Shlager Iron Works (hereinafter called the "Iron Works") entered into a contract with the MacNeil Bros. Company, evidenced by the following purchase order addressed to the Iron Works under date of August 17, 1938:

"This will confirm verbal order for you to furnish 4-36″ I beams 300 lb. per foot. These beams are to be used to carry the load of the sunken Tug Boat Plymouth and are to be used in raising said tug boat from Cape Cod Canal for the U. S. Engineering Dept. Beams are to be delivered to us f. o. b. your trucks on a wharf in Boston. After use by us these beams are to be returned to you f. o. b. your trucks on a wharf in Boston for a total net sum of ........................$1050.00."

It is further alleged in the complaint that the Iron Works ordered the beams as called for in the contract, and on the 24th day of August tendered delivery of the same to MacNeil Bros. Company, which requested the Iron Works to have the beams remain in the yards of the New York, New Haven & Hartford Railroad in Boston for instructions as to further shipment, agreeing to pay all demurrage charges for the storage of the beams; that on the 8th day of September, 1938, the defendant MacNeil Bros. Company notified the Iron Works that they had no further use for the beams and that the Iron Works should take charge of them and arrangements would be made for payment in accordance with the terms of the contract. Demand for payment and refusal is alleged, and it appears that the action was seasonably brought.

■ The defendants contend that the complaint should be dismissed because the work was not a public work, within the scope of the statute. This contention, however, cannot prevail in view of the authorities. Title Guaranty & Trust Co., of Scranton, Pa. v. Crane Co., 219 U.S. 24, 31 S.Ct. 140, 55 L.Ed. 72; 38 Op.Atty.Gen. 418.

The case of United States for Use of General Lighterage Company v. Maryland Casualty Company, D.C., 25 F.Supp. 778, was a suit under the Heard Act, 40 U. S.C.A. § 270, brought to recover for labor and material furnished in raising a sunken barge in Portland Harbor. The question whether the work was a public work was not raised.

■ It is now settled law that a party may recover the rental value of equipment used in the prosecution of work. It is not necessary to show that the materials actually went into the work or were exhausted in the prosecution of it. Rentals for trucks and other equipment have been deemed to come within the protection of the statute. Illinois Surety Co. v. John Davis Co. et al., 244 U.S. 376, 37 S.Ct. 614, 61 L.Ed. 1206; Title Guaranty & Trust Co. v. Crane Co., supra; Massachusetts Bonding & Insurance Co. v. U. S. for Use of Clarksdale Machinery Co., 5 Cir., 88 F.2d 388; U. S. for the Use of U. S. Rubber Co. v. Ambursen Dam Co., D. C., 3 F.Supp. 548; U. S. to Use of J. E. Sadler & Co. v. W. H. French Dredging & Wrecking Co., Inc., D. C., 52 F.2d 235.

It will be noted, however, that in all these cases the equipment for which rental was claimed was actually used in the carrying on of the work.

The Iron Works relies upon the case of Standard Accident Insurance Co. v. United States for the Use and Benefit of Powell et al., 302 U.S. 442, 58 S.Ct. 314, 315, 82 L.Ed. 350, where the Court held that a common carrier by railroad could recover under the statute for freight charges for transporting material on the ground that the railroad was a corporation which had furnished labor in the construction of a public building. It was observed in that case that the Supreme Court was committed to the doctrine that the statute should be "liberally construed in aid of the evident public object—security to those who contribute labor or material for public works." Referring to the case of Standard Accident Insurance Co. v. United States for Use of Powell, 5 Cir., 89 F.2d 658, it is apparent that the material transported actually went into the work.

Inasmuch as the Iron Works did not furnish transportation for any materials going into the work, or any equipment actually used on it, the case of Standard Accident Insurance Co., supra, would not seem to be in point.

■ I find no authority for the proposition that the statute can be invoked by one who has merely a cause of action for breach of a contract to take and pay rent for equipment which was never received,

or used, by the contractor in connection with the work. I am not persuaded that the statute can be construed to reach such a cause of action.

Defendants' motions to dismiss are allowed.