**UNITED STATES, for Use and Benefit of LICHTER et al., v. HENKE CONST. CO. et al.**

**No. 74.**

District Court, W. D. Missouri, S. D.

Sept. 18, 1940.

Mann & Mann, of Springfield, Mo., for plaintiffs.

Farrington & Curtis, of Springfield, Mo., for defendants.

REEVES, District Judge.

This is a suit under a contractor's bond to the United States under the provisions of Sections 270a, 270b and 270c, Title 40 U.S.C.A.

It is contended by the complainants that as subcontractors they were required to furnish certain materials and labor in the way of extras and that, moreover, due to the fault of the principal contractor as well as that of the United States, the completion of the work was negligently delayed. Because of such extras and delay the complainants have sued on the bond of the principal contractor.

By a second count they ask for damages for breach of contract.

The defendants have filed a motion for a bill of particulars on the subject of extras alleged to have been furnished and have filed a motion to strike out the averments of delay and interference alleged to have been occasioned by the principal, and have also moved to dismiss the second count as not properly within the venue or jurisdiction of the court.

These several motions are resisted by the complainants. Each will be considered in its order:

1. The motion for a bill of particulars should be sustained.

■ The complainants say that they were compelled from time to time to furnish extras including labor and material, but they do not specify the items making up such extras including the extra labor involved in working the material into the structure. Such bill of particulars could be furnished without the necessity of an amendment to the complaint. It can be accomplished by submitting to the defendants and filing with the Clerk of the Court a full and complete statement of the items making up the extra material furnished and the extra labor done.

2. In urging their motion to strike, the defendants request as an alternative, if the motion be denied, that a bill of particulars be furnished as to the extra expense occasioned by the alleged delay and interferences. Whether the complainants would be entitled to recover for such alleged delay and interference in this proceeding need not be discussed. However, it would be a simple matter to supply the defendants with a schedule of added cost occasioned by such interference and delay. The complainants should be required to do this.

3. The motion to dismiss raises a serious question of jurisdiction.

Section 112, Title 28 U.S.C., 28 U.S.C.A. § 112, specifically affords the venue in the ordinary case where there is a diversity of citizenship. This section provides that: "No civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

■ This section has been construed to mean that a non-resident corporation "may not be sued in federal courts without its consent in state in which it is merely doing business, except by citizen of such state in district of which citizen is inhabitant." Syllabus 1, United States for Use of Pacific Coast Engineering Co., Inc. v. Maryland Casualty Co. et al., D.C., 10 F. Supp. 982.

The Supreme Court of the United States held to the same effect in Mexican Central Railway Company v. Pinkney, 149 U.S. 194, 13 S.Ct. 859, 37 L.Ed. 699. It was even held in the latter case that the appearance of the defendant after protesting the jurisdiction was not a waiver of its right to deny the jurisdiction of the court.

4. It should be noted, however, that Section 270b, and especially in subparagraph (b) thereof, the jurisdiction of the federal court is conferred by a special venue provision. This paragraph is as follows: "Every suit instituted under this section shall be brought in the name of the United States for the use of the person suing, in the United States District Court for any district in which the contract was to be performed and executed and not elsewhere, irrespective of the amount in controversy in such suit, but no such suit shall be commenced after the expiration of one year after the date of final settlement of such contract. The United States shall not be liable for the payment of any costs or expenses of any such suit."

Adverting to Section 270a and the various subdivisions thereof, it will be noted that the bond in the instant case was required to be in two parts, (1) a "performance bond" which ran to the United States and for its benefit and solely "for the protection of the United States;" (2) a "payment bond" which was designed to protect "all persons supplying labor and material in the prosecution of the work provided for in said contract."

■ The statute did not contemplate that the subcontractor would become entitled to a performance bond. That was solely a right running to the United States. The subcontractor could only be protected for the labor and materials supplied by him or them.

■ The jurisdiction of the court is not made available by this particular venue provision to the complainants in a suit for breach of contract. This will not work a great hardship upon the complainants. In the first count of their complaint they ask for damages for delay in fulfillment of their obligation, and, furthermore, it is quite inconsistent for the complainants to sue in one count for extras arising in the execution of the contract and then by another count sue for breach of contract on the part of the defendants.

**5.** It is to be noted that by Section 10, Title 6 U.S.C., 6 U.S.C.A. § 10, jurisdiction of suits on surety bonds is fixed. This, too, is a venue statute. Neither are its provisions sufficiently broad to entitle the complainants to bring the surety into court on the second count.

The motion to dismiss the second count should be sustained solely upon the ground that the court is without jurisdiction to determine said matter in this action.