UNITED STATES of America for the use and benefit of WYATT & KIPPER ENGINEERS, INC., a corporation, Plaintiff,

v.

RAMSTAD CONSTRUCTION CO., a corporation, and American Casualty Company, Inc., a corporation, Defendants.

Civ. No. A–54–60.

United States District Court
D. Alaska.

May 25, 1961.

Burr & Boney, Anchorage, for plaintiff.

Hughes & Thorsness, Anchorage, for defendants.

**380**

HODGE, District Judge.

Plaintiff brings this action under the provisions of the Miller Act (Sec. 270b, Title 40 U.S.C.A.), also alleging jurisdiction of the court by reason of a federal question (Sec. 1331, Title 28 U.S.C.A.) inapplicable here, and by reason of diversity of citizenship (Sec. 1332, Title 28 U.S.C.A.). The action is based upon a subcontract between the use plaintiff as subcontractor and the defendant Ramstad Construction Co. as prime contractor, covering specified portions of work required of the defendant under a contract with the United States of America for the furnishing and erection of complete water tanks at Newenham Air Force Station and Cape Romanzof Air Force Station in Alaska. Plaintiff seeks recovery against the contractor and its surety, the American Casualty Company, Inc., upon three claims, in substance as follows: (1) for the value of tools and equipment of the use plaintiff which were to be returned to it by defendant at Seattle and Anchorage, free of charge to the subcontractor, after the plaintiff completed the work, which had not been returned as required by the terms of the subcontract, amounting to $3,015.40; (2) for the cost of repairing a welding machine which it is claimed was belatedly returned to the plaintiff by the defendant in a damaged condition, in the sum of $395.05; and (3) for freight charges for shipment from Anchorage to Seattle of tools and equipment of the plaintiff which were finally returned by Ramstad but the shipping charges on which were not paid by Ramstad as required under the terms of the contract, in the sum of $402.74.

The defendants first filed a joint answer admitting the allegations of the complaint with respect to the execution of the contract, subcontract, and the payment bond but denying the claims of plaintiff and alleging plaintiff has been paid in full for all work or obligations arising out of the subcontract, and that plaintiff did, on June 24, 1959, execute a full release of all claims against the defendant Ramstad as shown by copy of said written release signed by the president of the plaintiff corporation. Subsequently the defendant Casualty Company filed a separate amended answer setting up the same release as an affirmative defense, together with an allegation of accord and satisfaction between the parties, and that plaintiff's complaint fails to state a claim upon which relief can be granted against said defendant; also asserting a cross-claim against its co-defendant Ramstad Construction Co. based upon an indemnity agreement, which is not pertinent here.

The defendant Casualty Company now files a motion for summary judgment

"on all issues of controversy in this case upon the ground and for the reason that there is no genuine issue as to any material fact and that the defendant is entitled to judgment as a matter of law." (Rule 56, F.R.Civ.P., 28 U.S.C.A.)

This motion is supported by the release filed with and attached to defendants' answer.

In response to said motion, plaintiff has filed an affidavit of counsel setting forth copies of correspondence between the parties relative to the tools, which are the subject matter of the action, indicating some correspondence from September 19, 1958, to October 11, 1958, relative to the return of the tools and that on July 30, 1959, subsequent to the date of the release, the defendant advised of the pilferage and loss of the tools in storage at "designated storage areas," stating that defendant would not be responsible for any damage to the tools and equipment; and a further letter under date of January 28, 1960, denying liability under the subcontract to make payment to plaintiff for the missing tools and equipment.

The pertinent parts of the release relied upon are as follows:

"Now, therefore, in consideration of the premises" (completion and acceptance of all work required under the subcontract) "and the payment

by the contractor to the subcontractor of the amount due under the subcontract * * * the subcontractor hereby releases, remises, and discharges Ramstad Construction Co. of and from all manner of debts, dues, sum or sums of money, accounts, claims, and demands whatsoever, in law or in equity, under and by virtue of said subcontract except None."

It is well settled that there cannot be a release without unequivocal acts showing expressly or by necessary implication an intention to release, and that a person does not, by a general release, relinquish claims of which he has no knowledge; or that the operation of the release will be limited to those things within the contemplation of the parties at the time of its execution; further, that the actual intent of the parties presents a question of fact to be determined from the surrounding conditions and circumstances, construed with reference to the amount of consideration paid and the language of the release itself. 45 Am.Jur., Release, Sec. 28, pp. 692–693; Williston on Contracts, Rev. ed., Vol. 6, Sec. 1825, pp. 5167–5169; Annotation 171 A.L.R. 184, 188; Mayle v. Criss, D.C., 169 F.Supp. 58, 60; Zurich General Accident & Liability Ins. Co. v. Klein, 181 Pa.Super. 48, 121 A.2d 893; Cahill v. Regan, 5 N.Y.2d 292, 184 N.Y.S.2d 348, 157 N.E.2d 505.

It is true that the parol evidence rule applies to releases in writing and that where a release is given in terms which are broad enough to cover the facts complained of, extrinsic evidence is not admissible to show that the release did not in fact relate to and was not intended to discharge such cause of action. 45 Am.Jur., supra, Sec. 46. However, this rule must be held subordinate to the broad rule that the intention which the words of the instrument express in the light of the circumstances existing at the time shall prevail.

The question here presents genuine issues of material fact, as well as law,

in construing the release with respect to the intention of the parties under the facts and circumstances, especially in that it is contended by plaintiff that the acts complained of were not within the knowledge or contemplation of the parties at the time of execution of the release and were not discovered until more than one month after the release was signed. These issues of fact cannot be determined upon a motion for summary judgment. Therefore the motion will be denied upon this ground.

The defendant Casualty Company further in its brief:

"moves in the alternative that the action be dismissed as to it on the ground that the action is not within the statutory limits of the Miller Act."

No such motion has been filed, although the issue may be said to have been raised by defendants' third affirmative defense in its amended answer challenging the complaint as failing to state a claim upon which relief can be granted against said defendant. This raises a substantial question as to whether or not the loss of the tools, the damage to the equipment claimed, and the freight charges, all arising subsequently to the performance and acceptance of the contract and subcontract, can be said to be "material" furnished "in the prosecution of the work" as to which the right to sue upon the payment bond is granted by the provisions of Sec. 270b.

The subcontract contains this provision:

"*Transportation of sub-contractor tools:*

"Tools are transported from Seattle or Anchorage by the contractor. The contractor will transport these tools back to Seattle or Anchorage free charge to the sub-contractor. It is understood that this tool return will be coordinated with the contractor's shipments."

The courts have construed the Miller Act broadly to allow recovery against the contractor's surety bond for

382

equipment actually used in the performance of the work. Illinois Surety Co. v. John Davis Co., 244 U.S. 376, 37 S.Ct. 614, 61 L.Ed. 1206; United States for Use and Benefit of J. P. Byrne & Co. v. Fire Association of Philadelphia, 2 Cir., 260 F.2d 541; Massachusetts Bonding & Insurance Co. v. United States, 5 Cir., 88 F.2d 388; United States ex rel. Crowder v. Fidelity & Deposit Co. of Maryland, D.C., 144 F.Supp. 322. On the other hand, it is held that there is no such remedy against the surety for breach of contract not pertaining to labor or materials furnished, such as damages for delay, or failure to take and pay for equipment never received, or for negligence. United States for Use and Benefit of Shlager v. MacNeil Bros. Co., D.C., 27 F.Supp. 180; United States for Use and Benefit of Lichter v. Henke Const. Co., D.C., 35 F.Supp. 388; United States for Use and Benefit of Coken v. Di Sandro, D.C., 88 F.Supp. 970. But there is a distinction between claims for the value of materials furnished and damages for breach of contract. United States ex rel. Crowder v. Fidelity & Deposit Co. of Maryland, supra; Continental Casualty Co. v. Schaefer, 9 Cir., 173 F.2d 5.

■ Although the complaint would appear upon its face to be predicated upon breach of contract rather than for equipment or materials furnished the contractor, in substance it is a claim relating to materials and equipment actually furnished for and used in performance of the work covered by the subcontract, and hence contemplated in the bond, for which recovery is allowed. Illinois Surety Co. v. John Davis Co., supra. The complaint does not appear to be founded upon negligence, as claimed by defendant, but rather upon the express covenant of the contract with respect to transporting the tools.

A case in point is a decision of the Circuit Court of Appeals for the 5th Circuit in United States for Use of Llewellyn Machinery Corp. v. National Surety Corp., 268 F.2d 610, in which it is held that under a contract for rental

of equipment in which the general contractor agreed to "assume all responsibility for damages or loss to the equipment," the surety was liable for the loss of the equipment at sea without salvage, as included in labor and material in the prosecution of the work. Similarly, the 4th Circuit held, in the case of United States v. Phoenix Indemnity Co., 231 F. 2d 573, 574, that where a contract provided that the contractor should "provide and pay for all materials, labor, * * * taxes legally collectible because of the work * * * under the contract * * *," the sureties were liable for unemployment, social security, and withholding taxes. In the case of Massachusetts Bonding & Insurance Co. v. United States, supra, it was held that parts for trucks furnished which were found to be useless at the end of the job due to unusual circumstances were considered labor and materials under the act.

Regarding plaintiff's second claim, for repairs to equipment, it is held that parts of equipment wholly consumed in the prosecution of the work, and repairs which compensate for ordinary wear and tear of rental equipment are "labor and materials" within the provisions of the Miller Act. Continental Casualty Co. v. Clarence L. Boyd Co., 10 Cir., 140 F.2d 115. Likewise, with respect to the third claim, for freight charges, it is held that the expense of loading and freight thereon in connection with the rental of equipment under the provisions of the contract were included within the meaning of equipment "used in the prosecution of the work." Illinois Surety Co. v. John Davis Co., supra [244 U.S. 376, 37 S.Ct. 617]; Standard Accident Insurance Co. v. United States, 302 U.S. 442, 58 S.Ct. 314, 82 L.Ed. 350.

The defendants cite in support of the motion, decisions relating to mechanics liens and bailment which are inapposite here. The situation is also clearly distinguishable from decisions holding the surety not liable for money loaned to the contractor or payments made by the subcontractor not included in the provisions of the contract.

Finding that the allegations of the complaint sufficiently state a claim under the Miller Act, the motion to dismiss will be denied.

An appropriate order may be presented in conformity with this opinion.