**RILEY-STABLER CONSTRUCTION COMPANY, a Division of Riley Lumber & Supply Company, Inc., et al., Appellants,**

v.

**WESTINGHOUSE ELECTRIC CORPORATION, Appellee.**

No. 24539.

United States Court of Appeals
Fifth Circuit.

Sept. 27, 1968.

James E. Clark, Birmingham, Ala., for appellants.

Trammell E. Vickery, Atlanta, Ga., Ralph H. Ford, Huntsville, Ala., for appellee.

Before RIVES and GODBOLD, Circuit Judges, and HUGHES, District Judge.

HUGHES, District Judge:

In Westinghouse's motion for rehearing it is its contention that the majority opinion of this Court is in conflict with Bruce Construction Corporation v. United States for Use of Westinghouse Elec-

tric Supply Company, 242 F.2d 873 (5th Cir. 1957).

An examination of *Bruce* reveals that it is a Miller Act case and one in which summary judgment was rendered, but the facts differ from those in this case. In *Bruce* the questions of diversion and good faith were not raised. There was no contention that any materials though ordered for the job were not used for that purpose. All were used on the job. It is only where there has been a diversion that there would be any necessity for raising the question of good faith.

In this case on the other hand the affidavit of the Secretary-Treasurer of Riley-Stabler stated that a substantial portion of material had been used on projects other than Drake Towers. Under such circumstances the question of good faith that the materials were intended for the use of Drake Towers is an issue. Where state of mind is to be measured it cannot be resolved on summary judgment. We find no conflict with *Bruce*.

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.

RIVES, Circuit Judge, specially concurring.

GODBOLD, Circuit Judge, dissents.

RIVES, Circuit Judge (specially concurring):

For reasons well stated by Judge Hughes in our original opinion, I am convinced that Westinghouse is not entitled to summary judgment. The Ninth Circuit in a Miller Act case has recently stated the rule as I understand it.

"When an issue requires determination of state of mind, it is unusual that disposition may be made by summary judgment. See Alabama Great So. R. R. [Co.] v. Louisville & N.R.R. [Co.,]

224 F.2d 1, 5, 50 A.L.R.2d 1302 (5th Cir. 1955). It is important, and ordinarily essential, that the trier of fact be afforded the opportunity to observe the demeanor, during direct and cross-examination, of a witness whose subjective motive is at issue."

Consolidated Electric Co. v. United States for Use and Benefit of Gough Industries, 9 Cir. 1966, 355 F.2d 437, 438, 439. See also Poller v. Columbia Broadcasting Company, 1962, 368 U.S. 464, 473, 82 S. Ct. 486, 7 L.Ed.2d 458; 6 Moore's Federal Practice, 2d ed., ¶ 56.17 [41.–1]; 3 Barron & Holtzoff, Federal Practice & Procedure, 1967 PP., § 1232.2.

I, therefore, concur in the order denying the appellee's petition for rehearing.