**The UNITED STATES of America, for the Use and Benefit of LANAHAN LUMBER CO., INC., a Florida Corporation, Plaintiff,**

v.

**SPEARIN, PRESTON & BURROWS, INC., a New York Corporation; Seaboard Surety Company, a New York Corporation; and Chemical Engineers and Constructors, Inc., a Florida Corporation, Defendants.**

No. 80–420–Civ–J–B.

United States District Court,
M. D. Florida,
Jacksonville Division.

Sept. 4, 1980.

---

Stephen H. Durant, Jacksonville, Fla., for plaintiff.

Harold E. Morlan, II and V. Keith Young, Orlando, Fla., for Spearin, Preston & Burrows, Inc. and Seaboard Sur. Co.

Dan H. Stubbs, Jr. and Douglas C. Higginbotham, Jacksonville, Fla., for Chemical Engineers and Constructors, Inc.

## OPINION AND ORDER DENYING MOTION TO DISMISS

SUSAN H. BLACK, District Judge.

This case involves a claim under the Miller Act, 40 U.S.C. § 270a *et seq.*, arising out of the construction of the Fort Clinch Fishing Pier Recreation Facilities at Fernandina Harbor. Defendant, Spearin, Preston & Burrows, Inc. (hereinafter "Spearin"), entered into a contract with the United States for construction of the pier. Pursuant to the Miller Act and the terms of the contract, Spearin, as principal, and defendant, Seaboard Surety Co. (hereinafter "Seaboard"), as surety, delivered to the United States a payment bond guaranteeing payment to materialmen and subcontractors who provided labor and materials for the project.

Spearin thereafter entered into a subcontract with defendant, Chemical Engineers and Constructors, Inc. (hereinafter "Engineers"), to provide labor and materials for the project. On September 27, 1979, Engineers entered into a contract with use–plaintiff, Lanahan Lumber Co., Inc. (hereinafter "Lanahan"), to treat and provide specially treated lumber for use in the project. Lanahan alleges that it has performed all labor and has "made all materials available to Chemical Engineers."

Defendants move to dismiss, arguing that the complaint fails to state a claim under the Miller Act. They aver that it presents no facts to show that labor and materials were "actually supplied" in prosecution of the federal contract work in this case, since defendant Engineers refused to accept the lumber altogether after use–plaintiff gave timely notice that the goods were ready. This amounts to the suggestion that a tender of goods and wrongful rejection thereof cannot state a valid Miller Act claim.

As a matter of statutory interpretation, this Court must construe the "highly remedial" Miller Act liberally, "in order properly to effectuate the Congressional intent to protect those whose labor and materials go into public projects." *J. W. Bateson Co. v. U. S. ex rel. Board of Trustees*, 434 U.S. 586, 594, 98 S.Ct. 873, 878, 55 L.Ed.2d 50, 57 (1978).

It is fundamental that in order for a materialman to recover under the Act it is necessary only that he show that the materials were supplied in prosecution of the work provided for in the contract, that he has not been paid therefor, that in good faith he had reason to believe the materials were intended for the specified work, and that he complied with the jurisdictional prerequisites. It is immaterial to his right of recovery that the materialman deliver the materials to the jobsite

or that such materials actually be used in the prosecution of the work. (citations omitted)

*U. S. for the Use and Benefit of Carlson v. Continental Casualty Co.,* 414 F.2d 431, 433 (5th Cir. 1969).

■ The Court concurs with the holdings of *Purity Paint Products v. Aetna Casualty and Surety Co.,* 56 F.Supp. 431 (D.Conn. 1944) and *Morris Paint and Varnish Co. v. Watson,* 129 F.Supp. 573 (D.Neb.1955). In those cases, materialmen were allowed to recover under the Miller Act for specially–prepared paints which had been taken to the job site and wrongfully refused by the subcontractor. Under the law of this Circuit, delivery to the jobsite or actual use in the prosecution of the work is immaterial to a right of recovery. *Carlson, supra.* There is likewise no suggestion by defendant—following *Carlson* —that use–plaintiff lacked a good faith reason to believe that its lumber was intended for the specified work when it notified Engineers that the lumber was ready for delivery.

Defendants do suggest, however, that the Miller Act is not meant to remedy a "breach of contract to take and pay for material never received or used by contractor [sic] in connection with the public work," citing *U. S. for Use and Benefit of Shlager v. Mac-Neil Bros.,* 27 F.Supp. 180 (D.Mass.1939) and *U. S. for Use and Benefit of Wyatt & Kipper Engineers, Inc. v. Ramstad Construction Co.,* 194 F.Supp. 379 (D.Alaska 1961). Insofar as *Shlager* concerns the value of equipment "never received, or used" by the contractor, 27 F.Supp. at 181–2, it is not pertinent in light of the rule in *Carlson* that the materials in question need not actually be used in the prosecution of Miller Act work. 414 F.2d at 433. *Ramstad* fares no better, and indeed confirms the sufficiency of use–plaintiff's complaint, when the Court declares, "there is no [Miller Act] remedy against the surety for breach of contract *not pertaining to labor or materials furnished,* such as damages for delay, or failure to take and pay for equipment never received, or for negligence. [citations omitted]." 194 F.Supp. at 382. (emphasis supplied). This simply restates the rule that

the remedy afforded by the Miller Act, as liberally construed, does not extend beyond the terms and coverage of the Act itself to include tort or contract claims unrelated to the provision of labor and materials. Compare *U. S. ex rel. Crowder v. Fidelity and Deposit Co. of Maryland,* 144 F.Supp. 322, 329 (W.D.La.1956). But to allow a contractor to prevail on the claim that his materialman never "furnished or supplied" materials within the meaning of the Miller Act, when the contractor's own rejection allegedly short–circuited an attempt by the materialman to make the goods available, would only encourage wrongful rejections by contractors seeking to escape the proper purview of the Act.

■ For the foregoing reasons, the Court holds that use–plaintiff's alleged notification to defendant Engineers that the lumber was ready, and defendant's alleged rejection thereof, states a claim that labor and materials were "furnished or supplied" within the terms of the Miller Act, 40 U.S.C. § 270b(a). It is, therefore

ORDERED that defendants' Motion to Dismiss is denied, and the defendants are given fifteen (15) days from date of this order to file an Answer.