UNITED STATES of America, for the Use and Benefit of J.R. CANION, et al., Plaintiffs,

and

Odell Geer Construction Co., Inc., Intervening Plaintiff-Appellee,

v.

RANDALL & BLAKE, and United States Fidelity & Guaranty Co., Defendants-Appellants

No. 85–1663.

United States Court of Appeals, Fifth Circuit.

May 29, 1987.
Rehearing Denied June 25, 1987.

C. Thomas Wesner, Jr., Wesner, Coke, Boyd & Clymer, Dallas, Tex., for Randall & Blake

Clifford F. Altekruse, Christopher J. Simpson, Dallas, Tex., for U.S. Fidelity & Guar. Co.

Stubbeman, McRae, Sealy, Laughlin & Browder, Karen Parker, Rodney W. Satterwhite, Austin, Tex., for Odell Geer Const. Co., Inc.

Before WISDOM, JOHNSON, and GARWOOD, Circuit Judges.

WISDOM, Circuit Judge:

This appeal involves a suit brought under the Miller Act, 40 U.S.C. §§ 270a–270d. A supplier for a government construction project brought suit against the general contractor and its surety because the supplier was never paid in full. The district court granted summary judgment in favor of the supplier. The general contractor and its surety appeal on several grounds. We affirm in part and remand in part.

I.

The Miller Act provides protection for subcontractors and their suppliers engaged in federal construction projects. Ordinarily, these persons would be protected by state liens. State liens cannot attach, however, to federal property. To give protection to these persons, the Miller Act re-

quires general contractors engaged on federal projects to furnish a payment bond.[1] The Act gives unpaid laborers and materialmen a cause of action on this bond to recover the amounts due them.[2]

In 1979, the Army Corps of Engineers hired Randall & Blake, Inc. to construct recreational facilities at Granger Lake, Texas. As required by the Miller Act, Randall & Blake secured a payment bond from United States Fidelity & Guaranty Company (USF & G). Randall & Blake subcontracted the paving work to Austin Paving Company. Austin Paving, in turn, contracted with Geer Construction Company to supply asphalt. Between April 23, 1980 and July 22, 1980, Geer Construction supplied 6,202 tons of hot-mix asphalt to Austin Paving for use on the Granger Lake project. Austin Paving paid only some of Geer's invoices, leaving Geer with two unpaid invoices totalling $63,634. On September 9, 1980, Geer Construction sent letter notices to Randall & Blake and USF & G informing them of Geer's potential claim under the Miller Act.

On December 3, 1980, Austin Paving brought a Miller Act suit against Randall & Blake and USF & G, alleging that it had not been paid in full under its contract.[3] On May 11, 1981, Geer Construction filed a motion to intervene in the action and to file its complaint seeking recovery on its unpaid invoices. The court did not grant the motion until July 14, 1982. Randall & Blake and USF & G answered the complaint with general denials. On July 19, 1984, the court allowed Geer Construction to file an amended complaint, which set forth more articulately the elements of Geer's Miller Act claim. Randall & Blake and USF & G moved the court to reconsider, arguing that the amended complaint

came too late to assert a Miller Act claim. The court denied their motion to reconsider. Geer Construction then filed a motion for summary judgment with supporting affidavits and documentary evidence. The court granted the motion, severed Geer's claim from the remaining claims in the litigation, and entered a final judgment in favor of Geer Construction against Randall & Blake and USF & G for the sum of $63,634 plus prejudgment and postjudgment interest. Randall & Blake and USF & G appeal, alleging numerous errors.[4]

## II.

The appellants, Randall & Blake and USF & G, challenge the timeliness of Geer Construction's Miller Act claim. An action brought under the Act must be commenced within one year from the last day on which the claimant supplied labor or materials for the project.[5] We have described the one-year limitation period as a "substantive limitation of the rights conferred by the Act."[6] Geer Construction delivered its last load of asphalt on July 22, 1980. The deadline, therefore, for commencing its Miller Act claim passed one year later on July 23, 1981.

Geer Construction filed its motion to intervene on May 11, 1981, within the one year limitation period. Its original complaint was not filed until the court granted the intervention on July 14, 1982, well after the one year period had expired. Another two years passed until Geer filed its amended complaint. The appellants argue that the filing of the amended complaint marked the commencement of Geer's Miller Act claim, because it was the first time that Geer properly pleaded the elements of a Miller Act claim. Specifically, they point

---

1. 40 U.S.C. § 270a(a)(2) (1982).

2. 40 U.S.C. § 270b (1982).

3. The complaint was brought in the name of J.R. Canion d/b/a Austin Paving Company.

4. We limit our consideration on this appeal to those issues presented in the case between Geer Construction and Randall & Blake and USF & G. The appellants attempt to raise other issues concerning the claims against Austin Paving. These issues are not before us because they

arise in that portion of the proceedings for which there has been no final judgment.

5. 40 U.S.C. § 270b(b) (1982).

6. *United States v. Fidelity and Deposit Co.,* 813 F.2d 697, 699 (5th Cir.1987); *see also United States ex rel. Harvey Gulf Int'l Marine, Inc. v. Maryland Casualty Co.,* 573 F.2d 245, 247 (5th Cir.1978).

out several alleged deficiencies in the original complaint: (1) the failure to bring the action in the name of the United States, (2) the failure to name USF & G as a defendant, (3) the failure to seek recovery on the payment bond, and (4) the failure to allege that the action was based on the Miller Act. The district court held that because the amended complaint set forth no new claims and only corrected technical defects in the original complaint, it related back to the filing of the original complaint under Rule 15(c) of the Federal Rules of Civil Procedure. We agree.

Rule 15(c) provides, in part:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

Thus, Geer's amended complaint relates back if it asserts the same claim "set forth *or attempted to be set forth*" in the original complaint. We find that Geer's original complaint sufficiently set forth a Miller Act claim against Randall & Blake and USF & G to allow the amended complaint to relate back under Rule 15(c).

In its first complaint, Geer Construction specifically alleged that (1) it had provided asphalt to Austin Paving for use on the government project identified in Austin Paving's complaint; (2) it had not been paid on invoices totalling $63,634; and (3) it had complied with the 90–day notice requirements of 40 U.S.C. § 270b (the Miller Act). The complaint did not specifically name USF & G as a defendant nor specifically request relief under the Miller Act. The complaint did, however, incorporate by reference the first five paragraphs of Austin

Paving's complaint. Those paragraphs specifically alleged that the action arose "under the Miller Act" and that USF & G was a defendant.

The allegations of the complaint, both explicit and incorporated by reference, were adequate to notify the appellants that they were being sued under the Miller Act. The complaint clearly set forth the three substantive elements of a Miller Act claim: the supplier supplied materials, the supplier was not paid, and the supplier intended the materials to be used on the government's project.[7] The substantive allegations of the complaint, not references to the Miller Act by name, determine whether the complaint sets forth a Miller Act claim.[8] In any case, the complaint adopted the jurisdictional statement of Austin Paving's complaint. This reads: "This Court has exclusive jurisdiction over this action pursuant to Title 28, Section 1352, of the United States Code, in that this case arises under the Miller Act, Title 40, Section 270a, et seq". We do not see how the appellants could have thought that Geer's action was anything other than a Miller Act claim.[9]

The only specific pleading requirement imposed by the Miller Act is that the action be brought in the name of the United States.[10] The appellants argue that this requirement is jurisdictional and that the failure to invoke the name of the United States within the one-year limitation period is a complete bar to suit that cannot be cured by amendment. Their argument is meritless. Under the Miller Act, the United States is a nominal party; it is not entitled to notice of the suit, it need not appear with counsel, it bears no costs, and it cannot be held liable.[11] The failure to bring the action in the name of the United

---

7. *United States ex rel. Carlson v. Continental Casualty Co.*, 414 F.2d 431, 433 (5th Cir.1969).

8. *Blanchard v. Terry & Wright, Inc.*, 331 F.2d 467, 469 (6th Cir.), *cert. denied*, 379 U.S. 831, 85 S.Ct. 62, 13 L.Ed.2d 40 (1964).

9. We are unconvinced by USF & G's protestations that it did not have notice because the first complaint failed to name it as a defendant. The caption of the complaint named USF & G as a

defendant. The complaint incorporated by reference the third paragraph of Austin Paving's complaint, which does expressly name USF & G as a defendant. USF & G thought it was a defendant; it answered Geer's original complaint.

10. 40 U.S.C. 270b(b) (1982).

11. *Hendry Corp. v. American Dredging Co.*, 318 F.2d 299, 301 (5th Cir.1963).

States is a mere technical defect that does not affect jurisdiction and that may be corrected by a later amendment.[12]

■ The appellants argue that even if the amended complaint relates back to the original complaint, the action is still untimely because the original complaint was not filed until after the expiration of the limitation period. They refer us to Rule 3 of the federal rules. This rule provides: "A civil action is commenced by filing a complaint with the court." Geer Construction argues, in response, that the limitation period should have tolled when it filed its motion to intervene, which was filed before the expiration of the limitation period. We have found no appellate decision that addresses this question. We have found, however, almost unanimous agreement among the district courts addressing the question: the filing of the motion for intervention, and not the later approval of the motion and actual filing of the complaint, determines the commencement of the action for purposes of the statute of limitations.[13] We find this rule to be the only sensible one and adopt it as our own. Once the party seeking intervention has filed its motion to intervene with its proposed complaint, it has done all it can do, in a timely sense, to commence its action. The complaint cannot be filed until the court approves the intervention. Here, Geer Construction filed its motion to intervene well before the expiration of the limitation period. The district court did not act on that motion, however, for over fourteen months. We see no justification for a rule that would bar a meritorious action as untimely because of a congested court docket or other circumstances over which the claimant has absolutely no control. We hold that Geer Construction timely commenced its Miller Act claim.

### III.

The appellants contend that there are factual disputes in this case that should have precluded a summary judgment. The district court found none and neither do we. Geer Construction supported its motion for summary judgment with convincing documentary evidence, affidavits, and depositions. The parties do not dispute that Geer Construction provided the amount of asphalt that it claims to have provided. The parties do not dispute that Austin Paving failed to pay all of Geer's invoices.

■ The only apparent dispute concerns the price of the asphalt. Geer's proposal to Austin Paving and every invoice show that the agreed price for the asphalt was $16 per ton f.o.b. Austin Paving has admitted that it owes that amount. Nevertheless, the appellants contend that the actual price was $14 per ton and that the documents between Geer and Austin Paving were back-dated to indicate a higher figure. There is absolutely no evidence in the record that substantiates the claim of back-dating or otherwise suggests that the price of the asphalt was other than $16 per ton. Indeed, appellants' own evidence rebuts their contentions. Randall & Blake introduced copies of their own correspondence in which Austin Paving requested an additional allowance on its subcontract because Geer was charging $16 per ton for asphalt instead of $14 as earlier estimated. Randall & Blake refused the allowance because it contended that its contract with Austin Paving did not provide for cost escalations. Whether Randall & Blake is liable to Austin Paving for the higher price of the asphalt is of no relevance to this action. The relevant question in this Miller Act claim is how much did Austin Paving agree to pay to Geer Construction.[14] All the evi-

---

**12.** *E.g., Hendry Corp. v. American Dredging Co.,* 318 F.2d 299, 301 (5th Cir.1963); *Blanchard v. Terry & Wright, Inc.,* 331 F.2d 467, 469 (6th Cir.), *cert. denied,* 379 U.S. 831, 85 S.Ct. 62, 13 L.Ed.2d 40 (1964); 6 Wright & Miller, Federal Practice and Procedure § 1551 at 689 (1971).

**13.** *E.g., DiCostanzo v. Chrysler Corp.,* 71 F.R.D. 223, 224 (D.Mass.1976); *Braxton v. Virginia*

*Folding Box Co.,* 72 F.R.D. 124, 126 (E.D.Va. 1976); *SEC v. Keller Bros. Securities Co.,* 30 F.R.D. 532, 533–34 (D.Mass.1962); *Jack v. Travelers Ins. Co.,* 22 F.R.D. 318, 319 (E.D.Mich. 1958).

**14.** *See United States ex rel. Carter Equip. Co. v. H.R. Morgan, Inc.,* 554 F.2d 164 (5th Cir.1977);

dence supports but one conclusion; that Austin Paving agreed to pay Geer $16 per ton f.o.b. for the asphalt.

We have often noted the appropriateness of summary judgments in Miller Act cases: "when a movant makes out a convincing showing that genuine issues of fact are lacking, we require that the adversary adequately demonstrate by receivable facts that a real, not formal, controversy exists, and, of course, he does not do that by mere denial or holding back evidence."[15] We agree with the district court that no genuine factual dispute existed and that Geer Construction was entitled to summary judgment in its favor.

■ Randall & Blake makes one final objection to the summary judgment: the failure of Geer's amended complaint to pray expressly for relief against Randall & Blake. It is too late for Randall & Blake to complain about this omission. When Geer filed its amended complaint, Randall & Blake answered. Geer's motion for summary judgment expressly requested a judgment against Randall & Blake, but Randall & Blake did not object on the grounds that it had not been made a defendant. Rule 15(b) of the federal rules provides: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." By answering the amended complaint, by resisting the summary judgment motion, and by not complaining about the defect earlier, Randall & Blake conceded that it was a defendant to Geer's complaint. The summary judgment against it was proper.

## IV.

The appellants challenge the district court's award of prejudgment and post-judgment interest to Geer Construction. The district court granted prejudgment interest at the rate of one and one-half percent per month on the amount of $1000 and one percent per month on the balance of $62,634, based on the interest charges specified on the two unpaid invoices, and postjudgment interest at the "legal rate". The appellants argue that the court erred because their was no agreement for interest; if there was, it was only for a single one percent charge; the rates awarded are usurious under Texas law; and the award of postjudgment interest at the legal rate is vague and unenforceable. Alternatively, they request that this Court certify the question of interest to the Texas Supreme Court. We deny the request for certification and remand on the issue of usury.

■ Because the right that Geer asserts in this action is provided by the Miller Act, the scope of the remedies afforded that right is a question of federal law.[16] The amount of prejudgment interest is, therefore, a question of federal law.[17] Because the Miller Act is silent on the issue, however, state law is an appropriate source of guidance.[18] In this case, the applicable state law is that of Texas.

■ Texas law provides that prejudgment interest accrues on a contractual debt at the rate agreed to by the parties.[19] The invoices sent to Austin Paving by Geer Construction contained the statement: "Accounts not paid within 30 days of billing will have finance charges added at the rate of 1½% of first $500 of balance and 1% of amounts in excess of $500." The district court found that by accepting these invoic-

*United States ex rel. Carlson v. Continental Casualty Co.*, 414 F.2d 431 (5th Cir.1969).

**15.** *United States ex rel. Carlson v. Continental Casualty Co.*, 414 F.2d 431, 435 (5th Cir.1969); *Bruce Construction Corp. v. United States*, 242 F.2d 873, 875 (5th Cir.1957).

**16.** *F.D. Rich Co. v. United States ex rel. Industrial Lumber Co.*, 417 U.S. 116, 127, 94 S.Ct. 2157, 2164, 40 L.Ed.2d 703 (1974); *United States ex rel. Harvey Gulf Int'l Marine, Inc. v. Maryland Casualty Co.*, 573 F.2d 245, 247 (5th Cir.1978);

*United States ex rel. Carter Equip. Co. v. H.R. Morgan, Inc.*, 554 F.2d 164, 166 (5th Cir.1977).

**17.** *United States ex rel. Georgia Electric Supply Co.*, 656 F.2d 993, 997 (5th Cir. Unit B 1981).

**18.** *Id.*

**19.** Tex.Rev.Civ.Stat.Ann. art. 5069–1.03 (Vernon Supp.1987); *Delta (Delaware) Petroleum & Energy Corp. v. Houston Fishing Tools Co.*, 670 S.W.2d 295, 297 (Tex.Civ.App.1983).

es and paying some without objection, Austin Paving consented to the interest charges. This finding is correct under Texas law.[20] Moreover, because the invoices were monthly billings, the district court was correct in interpreting the statements as monthly interest charges and not as one-time service charges.

Appellants argue that the contractual rate cannot be imposed because it is usurious. The monthly rates charged by Geer Construction compute to annual rates of twelve and eighteen percent. At the time Geer sent its invoices, the maximum rate of interest that could be charged to a non-corporate debtor was ten percent;[21] the maximum rate for a corporate debtor was eighteen percent.[22] The parties dispute whether Austin Paving is a corporation. The evidence in the record is conflicting.[23] Because the issue of usury turns on this disputed and unresolved question of fact, we must remand to the district court.

On remand, if the district court concludes that Austin Paving is a corporation, the appellants' challenge of usury fails and the prejudgment interest award stands. If the district court concludes otherwise, the appellants are not liable for prejudgment interest. Under Texas law, Geer could not recover usurious interest from Austin Paving.[24] Under the Miller Act, the liability of the general contractor and its surety to the claimant is measured by the liability of the subcontractor to the claimant.[25] Accordingly, Geer cannot recover contractual interest from Randall & Blake and USF & G under the Miller Act if Geer never had a right to recover that interest from Austin Paving under Texas law.[26]

The appellants question the award of postjudgment interest at the legal rate. This rate is set by 28 U.S.C. § 1961, which, since 1982, has provided for a uniform federal rate of postjudgment interest on all judgments entered in federal courts.[27] The award of postjudgment interest is proper.

We have considered all the arguments raised by the appellants, whether or not discussed in this opinion. The judgment of the district court is REMANDED for determination of prejudgment interest and AFFIRMED in all other aspects.

20. *Preston Farm & Ranch Supply, Inc. v. Bio-Zyme Enterprises,* 625 S.W.2d 295, 298 (Tex. 1982); *Delta (Delaware) Petroleum & Energy Corp. v. Houston Fishing Tools Co.,* 670 S.W.2d 295, 297 (Tex.Civ.App.1983).

21. Tex.Rev.Civ.Stat.Ann. art. 5069–1.04 (Vernon 1971).

22. Tex.Rev.Civ.Stat.Ann. art. 1302–2.09 (Vernon 1980).

23. Although Austin Paving brought its complaint in the name of J.R. Canion and J.R. Canion, Jr., a partnership d/b/a Austin Paving, other evidence in the record indicates that Austin Paving is a registered corporation in the State of Texas. The appellants argue that the allegations of Austin Paving in its pleadings are binding on this Court. We do not agree because Austin Paving is not a party to this appeal, nor a party to the action between Geer and the appellants. The issue remains a disputed question of fact that must be resolved by the district court.

24. *First State Bank of Bedford v. Miller,* 563 S.W.2d 572, 576 (Tex.1978); *Wall v. East Texas Teachers Credit Union,* 533 S.W.2d 918, 921 (Tex.1976).

25. 40 U.S.C. § 270b(a); *see United States ex rel. Carter Equip. Co. v. H.R. Morgan, Inc.,* 554 F.2d 164, 165 (5th Cir.1977); *United States ex rel. Carlson v. Continental Casualty Co.,* 414 F.2d 431, 433 (5th Cir.1969).

26. We do not suggest that Randall and Blake and USF & G are entitled to claim the full panoply of usury defenses and penalties provided by Texas law. The penalty provisions of the usury laws—forfeit of principal, attorney's fees, etc.—are strictly personal to the immediate borrower, in this case Austin Paving, and are not afforded to guarantors and sureties such as Randall & Blake and USF & G. *See Houston Sash & Door Co. v. Heaner,* 577 S.W.2d 217, 222 (Tex.1979).

Because the question of interest can be resolved without deciding an important, unsettled, and controlling issue of Texas law, certification is not appropriate. *See Florida ex rel. Shevin v. Exxon Corp.,* 526 F.2d 266, 274–76 (5th Cir.), cert. denied, 429 U.S. 829, 97 S.Ct. 88, 50 L.Ed.2d 92 (1976).

27. *See Reaves v. Ole Man River Towing, Inc.,* 761 F.2d 1111, 1113 (5th Cir.1985).