**UNITED STATES for Use and Benefit of COKEN v. DI SANDRO et al.**

**Civ. A. No. 1300.**

United States District Court
D. Connecticut.

Jan. 4, 1949.

Hirsh Freed, Boston, Mass., Abraham A. M. Schweitzer, Hartford, Conn., for plaintiff.

Joseph F. Berry, Day, Berry & Howard, Hartford, Conn., for defendants.

SMITH, District Judge.

Aetna's motion to dismiss the second count as to it as surety on a Miller Act, 40 U.S.C.A. § 270a et seq., bond appears to be well taken. The second count is founded in part on negligence and cannot be said to be for material and labor furnished.

We would distinguish this situation from the Purity Paint Products case, U. S. ex rel. Purity Paint Products Corporation v. Aetna Casualty & Surety Co., D.C.1944, 56 F.Supp. 431, however. We do not here have the question whether the remedy of the seller chosen in that case is no longer a claim for material or labor furnished because in form a "breach of contract" rather than a "goods sold and delivered" action.

There is no necessity for passing on that question here.

The motion to dismiss the second count as to the defendant Aetna is granted.