Leonard H. Sandler, J.
In this case submitted to the court on stipulated facts the most interesting of the several questions presented, and apparently one of novel impression, is whether a lessor of equipment may recover for negligent damage by a lessee under a labor and material bond executed pursuant to section 137 of the State Finance Law.
Ismalon International Products, Ltd. (Ismalon), a defendant in default, secured from International Fidelity Insurance Company (International) a labor and material bond pursuant to section 137 of the State Finance Law in connection with work performed on a New York State project. In the usual language of such bonds, it was conditioned upon the prompt payment by Ismalon of ‘1 all moneys due to all persons furnishing labor or materials * * * in the prosecution of the work ”. In addi, *177 tion, it was provided ‘ ‘ that all rights and remedies on this bond * * * shall be determined in accordance with the provisions of said section ” (§ 137).
In connection with its work, Ismalon leased from the plaintiff, Cerosa Crane Service, Inc. (Cerosa), a crane under a rental agreement which, in addition to fixing the rental, required that insurance for physical damage be provided. On or about July 30, 1968, the crane was negligently damaged, and on or before August 12,1968, it was repaired and removed from the job site. Plaintiff seeks to have the bond applied to the extent of the cost of the repairs.
The language of the bond itself, quoted above, is quite plainly designed to assure payment for work done or materials provided, and does not seem to me to be reasonably construed as authorizing payment for negligently inflicted damage to equipment. The language of section 137 of the State Finance Law as it read prior to the 1964 amendment, quite similar to the wording of the bond, invites the same conclusion. The undoubted legislative purpose for section 137, to facilitate payment for labor done and material furnished for a public improvement, underlines the plain meaning of the language. (See, e.g., Chittenden Lbr. Co. v. Silberblatt & Lasher, 288 N. Y. 396 [1942].)
The substantial revision of section 137 in 1964, designed to eliminate the requirement of filing and enforcing a wage claim . or mechanic’s lien before using the bond, resulted in a section that leaves very little room for serious argument.
Paragraph (a) of subdivision 5 of the amended section defines the expression ‘1 furnishes materials ’ ’ to mean ‘ ‘ the reasonable rental value for the period of actual use ’ ’, and contains not the slightest intimation of an intention to cover negligently inflicted damage.
Significantly, the amendment of section 137 was shaped primarily by the provisions of the Miller Act governing payment bonds for Federal public work. (IT. S. Code, tit. 40, §§ 270a-270e; see N. Y. Legis. Doc., 1964, No. 65 [B].) The Miller Act has been held by the Federal court not to sustain actions of the kind here brought. (See United States for Use of Coken v. Di Sandro, 88 F. Supp. 970 [D. C., Conn., 1949]; United States ex rel. Crowder v. Fidelity & Deposit Co., 144 F. Supp. 322, 329 [D. C. La., 1956].)
It is at least equally clear that the claim would be independently barred by the period of limitation set forth in paragraph (b) of subdivision 4 of section 137. That paragraph prohibits action on a payment bond “after the expiration of one year *178 from the date on which the claimant * * * furnished the last of the material for which such action is brought”. The bond itself, as quoted, states that it is to he governed by section 137. The stipulated facts make it clear that the instant action was not commenced until almost 2 years after the repair of the crane and its removal from the job site.
In view of the above, it is unnecessary to determine the separate defense of release. On the stipulated facts, that defense would undoubtedly have to be sustained, but there are intimations that the facts before me do not adequately set forth all the circumstances affecting that issue.
For the foregoing reasons, judgment is to be entered for the defendant.